# Commonwealth v. St. Dennis

*Joseph Lesniak,* for Commonwealth.
*Patrick J. Connors,* for defendant.

474

JENKINS, *J.,* December 17, 2009—After a bench trial, the court found Joseph St. Dennis guilty of 10 counts of sexual assault, aggravated indecent assault, indecent assault and corruption of minors against E.M., his minor stepdaughter. The court also found St. Dennis guilty of aggravated indecent assault, indecent assault and corruption of minors against H.M, another minor stepdaughter.

The court sentenced St. Dennis to an aggregate sentence of 10-20 years imprisonment plus five years probation. N.T., 9/28/09, pp. 9-14. St. Dennis filed a timely appeal in which he challenges the sufficiency of the evidence against him. The court concludes that the evidence against St. Dennis was sufficient and recommends that his judgment of sentence be affirmed.

When reviewing a challenge to the sufficiency of the evidence, Pennsylvania appellate courts must view all the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth, the verdict winner. *Commonwealth v. Widmer,* 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). The evidence is sufficient to support the verdict when it establishes each material element of the crime charged against the defendant beyond a reasonable doubt. *Id.* An appellate court "may not weigh the evidence and substitute [its] judgment for that of the fact-finder." *Commonwealth v. Cassidy,* 447 Pa. Super. 192, 195, 668 A.2d 1143, 1144 (1995). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Cunningham,* 805 A.2d 566, 571 (Pa. Super. 2002), *alloc.*

*denied,* 573 Pa. 663, 820 A.2d 703 (2003). The facts and circumstances established by the Commonwealth

"need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. . . . Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz,* 911 A.2d 162, 165 (Pa. Super. 2006) (citing *Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa. Super. 2001)).

Construed under these standards, the evidence adduced at trial was as follows: E.M., who is now 19 years old, is St. Dennis' oldest stepdaughter. N.T., 6/16/09 (Tr. I),[1] p. 12. She lived with St. Dennis from 2000 to 2007 along with her mother, two brothers and two sisters. Tr. I, p. 13. When E.M. was in high school, St. Dennis often forced her to undress in her mother's room, lie on the bed while he touched her genitals and breasts, and then have vaginal intercourse from behind while she squatted on her hands and knees. Tr. I, pp. 18-22, 70; exhibit C-1. The assaults began when she was 15 years old and continued until she moved in with her pastor at age 17. Tr. I, pp. 16, 36, 82-83. On three or four occasions, he made her stay home from school to have sex before he re-

---

1. References to the second day of trial, June 17, 2009, are denoted as "Tr. II".

ported to work for his afternoon shift. Tr. I, pp. 22-23, 60. He also assaulted her after directing her mother to leave and shop for groceries. Tr. I, p. 31. E.M. never agreed to have intercourse with him and often cried during these episodes. Tr. I, pp. 19, 35.

On more than 10 occasions, St. Dennis visited E.M.'s bedroom in the middle of the night and "jerk off" (stroked his penis) while inserting his fingers in her vagina and fondling her breasts and buttocks. Tr. I, pp. 26-29. The fact that E.M.'s younger sisters were sleeping in the same room did not deter him from visiting. Tr. I, pp. 26-27. One of E.M.'s sisters, H.M., observed several visits but was too young to figure out what was happening. Tr. I, pp. 88-90. St. Dennis demanded these nocturnal visits in return for permitting E.M. to attend social events. Tr. I, pp. 34-35, 68.

St. Dennis also spanked E.M. in the nude with a leather belt or wooden paddle. Tr. I, p. 24. On one occasion, he kept her home from school, handcuffed her to wooden poles that he stored in his closet and whipped her with a leather strap. Tr. I, p. 39. E.M.'s mother gave St. Dennis permission to impose corporal punishment. Tr. I, p. 42. The punishments were severe enough that E.M. could not sit down afterward or yelped when she sat down. Tr. I, pp. 62, 77.

When E.M. was 17, she moved in with her pastor to escape St. Dennis' physical and sexual abuse. On January 15, 2008, E.M. wrote a letter to her boyfriend which described St. Dennis' sexual assaults and her beatings and stated that she endured these offenses to avoid further beatings and to obtain permission to go out with her friends. Tr. I, pp. 38-40; exhibit C-1. Her boyfriend sent

the letter to her stepmother. Tr. I, pp. 44-45. In April 2008, E.M. met with police detectives and reported St. Dennis' crimes. Tr. I, pp. 45-47; exhibit C-2.

H.M., who was 14 at the time of trial, testified that St. Dennis began touching her vagina in her bedroom when she was in fourth or fifth grade. Tr. I, pp. 91-95, 117. These incidents occurred more than 10 times during the first two to three years after her mother's family moved in with St. Dennis. Tr. I, p. 96. She felt strange and sometimes cried when it happened. Tr. I, p. 95. She also observed St. Dennis hit her brothers and sisters with a belt or paddle. Tr. I, p. 97.

On April 18, 2008, Detective Sendak of the criminal investigation division met with E.M. and her mother, Rebecca St. Dennis, to discuss St. Dennis' conduct. Tr. I, p. 144; Tr. II, pp. 39-40. Rebecca and a CYS employee asked all of the children besides E.M. whether St. Dennis had touched them, but none of them responded affirmatively. Tr. I, pp. 99, 144-45. H.M. said that St. Dennis did not touch her because she was afraid that other people would think differently about her. Tr. I, pp. 99-100. One month later, however, Rebecca noticed H.M. acting peculiar and asked again if St. Dennis had touched her. Tr. I, pp. 145-46. H.M. said he had and began crying. Tr. I, p. 146. Rebecca then took H.M. to the police to report St. Dennis' conduct. Tr. I, p. 146.

This evidence demonstrates St. Dennis' guilt beyond a reasonable doubt for sexual assault against E.M. 18 Pa.C.S. 3124.1 defines sexual assault as follows: "Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that

person engages in sexual intercourse ... with a complainant without the complainant's consent." The legislature defines "sexual intercourse" as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. §3101. The Commonwealth need not prove resistance to the sexual assault in order to sustain a conviction. *Commonwealth v. Smith,* 863 A.2d 1172, 1176 (Pa. Super. 2004). The uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant. *Andrulewicz, supra,* 911 A.2d at 166 (citing *Commonwealth v. Charlton,* 902 A.2d 554, 562 (Pa. Super. 2006)).

The evidence demonstrates that St. Dennis repeatedly committed sexual assault against E.M. by engaging in sexual intercourse with her without her consent. E.M.'s testimony, standing alone, is sufficient to establish multiple sexual assaults. *Andrulewicz, supra.* The fact that E.M. allowed herself to be violated in order to avoid brutal beatings and to have a social life graphically demonstrates her lack of consent.

The evidence also establishes St. Dennis' criminal liability for indecent assault against E.M. and H.M. 18 Pa.C.S. §3126 prescribes in relevant part that a person is guilty of indecent assault if he

"has indecent contact with the complainant ... for the purpose of arousing sexual desire in the person or the complainant and:

"(1) the person does so without the complainant's consent; ... [or]

"(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S. §3126(a).

"Indecent contact" is "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person" 18 Pa.C.S. §3101. Here, St. Dennis repeatedly touched E.M.'s and H.M.'s vagina and E.M.'s breasts and buttocks while masturbating. These incidents violate section 3126(a)(1) because they took place without either victim's consent. E.M. often cried when St. Dennis visited her bedroom at night to fondle her and permitted this contact only to avoid beatings and ensure her social life. H.M. felt strange and sometimes cried when St. Dennis touched her. Moreover, most of these episodes violated section 3126(a)(8), since H.M. was less than 16 at all times during these events, and E.M. was less than 16 for at least some of them.

For similar reasons, the evidence establishes St. Dennis' guilt for aggravated indecent assault under 18 Pa.C.S. §3125. This statute prescribes in relevant part:

"Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law

enforcement procedures commits aggravated indecent assault if:

"(1) the person does so without the complainant's consent; . . . [or]

"(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S. §3125(a).

The statute further provides that "A person commits aggravated indecent assault of a child when the person violates subsection (a)(1) . . . and the complainant is less than 13 years of age." 18 Pa.C.S. §3125(b).

With regard to E.M., St. Dennis violated section 3125(a)(1) by penetrating her genitals with his fingers for sexual gratification, a purpose other than good faith medical, hygienic or law enforcement procedures, without her consent. Many of these incidents occurred when she was 15 years old, thereby violating section 3125(a)(8). With respect to H.M., St. Dennis violated section 3125(b) by penetrating her with his fingers without her consent when she was less than 13 years old.

Finally, the evidence is sufficient to sustain St. Dennis' convictions for corruption of minors. This offense is defined, in pertinent part, as "[w]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . . commits a misdemeanor of the first degree." 18 Pa.C.S. §6301(a)(1). "Actions that tend to corrupt the morals of a minor are those that would offend the com-

mon sense of the community and the sense of decency, propriety and morality which most people entertain." *Commonwealth v. Snyder,* 870 A.2d 336, 351 (Pa. Super. 2005) (citing *Commonwealth v. DeWalt,* 752 A.2d 915, 918 (Pa. Super. 2000)). Obviously, St. Dennis' conduct offends the common sense of the community and most people's sense of morality. *Snyder, supra* (sufficient evidence supported convictions for rape, involuntary deviate sexual intercourse, statutory sexual assault, indecent assault, and corruption of minors, where, inter alia, victim testified that from the time she was 7 years old, and on numerous occasions, defendant forced her to perform sexual acts).

For all of the foregoing reasons, the court respectfully recommends that St. Dennis' judgment of sentence be affirmed.