**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Richard ANDRULEWICZ, Appellant.**

**Commonwealth of Pennsylvania,**
**Appellee**

**v.**

**Richard Andrulewicz, Appellant.**

**Commonwealth of Pennsylvania,**
**Appellee**

**v.**

**Richard Andrulewicz, Appellant.**

Superior Court of Pennsylvania.

Submitted July 3, 2006.
Filed Nov. 2, 2006.

Jeffrey A. Watson, Washington, for appellant.

John C. Pettit, Asst. Dist. Atty., Washington, for Com., appellee.

BEFORE: STEVENS, MUSMANNO, and PANELLA, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Washington County on July 8, 2005, following Appellant's conviction by a jury of sexual assault,[1] three (3) counts of indecent assault,[2] three (3) counts of corruption of a minor,[3] two (2) counts of indecent exposure,[4] and criminal attempt involuntary deviate sexual intercourse.[5] We affirm the judgment of sentence.

¶ 2 Between August 1, 2003 and December 31, 2003, Appellant committed various sexual offenses on three (3) separate minor females. This resulted in the filing of three (3) criminal informations: case number 965–2004, involving sixteen-year-old T.M.; case number 966–2004, involving ten-year-old K.G.; and case number 967–2004, involving twelve-year-old A.S., the sister of T.M. The Commonwealth filed a motion to consolidate these matters, which was granted by the court on October 14, 2004. Following a jury trial, Appellant was convicted of the above-referenced offenses and, on March 1, 2005, was sentenced to an aggregate twenty-four (24) to forty-eight (48) year term of imprisonment. Also, Appellant was found to be a sexually violent predator and ordered to comply with the requirements of Megan's Law.

¶ 3 On March 10, 2005, Appellant filed post-sentence motions. Argument was held thereon, after which the court agreed with Appellant's contention that the sentence imposed for sexual assault was improper. Accordingly, by Order entered July 8, 2005, the court amended the sentence, resulting in an aggregate term of imprisonment of twenty-one and one-half (21½) to forty-three (43) years. The present appeal followed.[6]

¶ 4 Herein, Appellant presents ten (10) questions for appellate review;[7] the first

---

1. 18 Pa.C.S.A. § 3124.1.

2. 18 Pa.C.S.A. § 3126.

3. 18 Pa.C.S.A. § 6301.

4. 18 Pa.C.S.A. § 3127.

5. 18 Pa.C.S.A. § 901.

6. Pursuant to the court's order to do so, Appellant filed a concise statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa. R.A.P.1925(a).

7. As a prefatory matter, we note that Appellant's Statement of Questions Involved does not conform to the requirements of Pa.R.A.P.

three of which deal with his contention that the trial court erred in denying a motion made by him for judgment of acquittal concerning various charges. We begin our discussion with principles regarding such motion.

■ ¶ 5 A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge. *Commonwealth v. Feathers*, 442 Pa.Super. 490, 660 A.2d 90 (1995) (*en banc*).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001) (citations and quotation marks omitted).

■ ¶ 6 Herein, Appellant first claims that the trial court erred in denying his motion for judgment of acquittal to the charges of sexual assault, aggravated indecent assault,[8] and indecent assault in 965–2004. This claim is premised on the contention that the Commonwealth failed to introduce any evidence concerning the lack of consent of T.M. We now will consider whether the evidence adduced at trial was sufficient to convict Appellant of sexual assault and indecent assault in connection with T.M.

■ ¶ 7 The offense of sexual assault is defined in 18 Pa.C.S.A. § 3124.1, which provides as follows: "[A] person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1. In order to sustain a conviction, resistance to the sexual assault is not required. *Commonwealth v.*

2116. This rule states, in pertinent part, that such Statement "should not ordinarily exceed 15 lines, **must never** exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception...." Pa.R.A.P. 2116(a) (emphasis added). Herein, Appellant's Statement clearly exceeds 15 lines and encompasses 2 pages. *See* Appellant's Brief at 10–11. In the discussion *infra*, we will address the six questions for review set forth on the first page of Appellant's Statement.

8. A review of the record indicates that Appellant was not convicted of aggravated indecent assault. *See* Amended Order filed 3/10/05. Consequently, this offense need not be addressed.

*Smith,* 863 A.2d 1172, 1176 (Pa.Super.2004).

¶ 8 To support a charge of indecent assault, the Commonwealth must prove that Appellant "had indecent contact with the complainant or caused the complainant to have indecent contact with [Appellant] . . . without the complainant's consent[.]" 18 Pa.C.S.A. § 3126(a).

¶ 9 With the above principles in mind, the pertinent facts of case 265–2004 are as follows: T.M. stated that on one occasion, she was babysitting K.G. and C.G., the children of D.G., Appellant's girlfriend, when Appellant, who resided with D.G., returned to the home and "raped" her. N.T. 10/18–20/04 at 42. Specifically, T.M. testified that, as she played video games in the master bedroom, while the children slept in their respective bedrooms, Appellant entered the master bedroom, pushed her down on the bed, removed her blue jeans and underpants, slid his shorts down, and placed his penis in her vagina. *Id.* at 44–49, 60–61.

¶ 10 T.M. also described two (2) other encounters she had with Appellant, both of which occurred prior to the above incident. She told of an occasion when Appellant walked her home after babysitting K.G. and C.G. T.M. stated that Appellant told her she was sexy, kissed her, and then grasped her buttocks. *Id.* at 52–55.

¶ 11 The second encounter occurred when she walked her sister to D.G.'s house so her sister could hang out with K.G. T.M. testified that she entered the living room and observed Appellant masturbating on the couch as he watched something on television involving teenage girls. *Id.* at 61–63. After she refused his request to sit beside him, he proceeded to pull her down by her belt buckle onto the couch beside him and rub the inside of her leg. *Id.* at 56–57.

▮▮▮ ¶ 12 The above testimony of T.M. indicates that Appellant penetrated her vagina, inappropriately caressed her, and exposed himself to her. We find that this was sufficient evidence for the jury, sitting as the fact-finder and examining the evidence in its totality, to conclude that Appellant was guilty of sexual assault and indecent assault. Although Appellant contends that the Commonwealth failed to prove that T.M. did not consent to the sexual contact, it is for the fact finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony. *Commonwealth v. Adams,* 882 A.2d 496, 499 (Pa.Super.2005). Herein, the court was free to accept T.M.'s characterization of what transpired with Appellant, particularly her representation that Appellant "raped" her, which connotes a lack of consent to the act committed. This Court has held "that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant...." *Commonwealth v. Charlton,* 902 A.2d 554, 562 (Pa.Super.2006) (citation omitted). Based on the record before us, we find that the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Appellant's conviction for sexual assault and indecent assault; thus, the court did not err in denying Appellant's motion for judgment of acquittal as to the charges associated with Appellant's involvement with T.M.

▮▮▮ ¶ 13 Appellant's second claim is that the court erred in denying his motion for judgment of acquittal on the charge of criminal attempt to commit involuntary deviate sexual intercourse concerning K.G. Specifically, Appellant argues that the Commonwealth failed to introduce evidence to establish that he took a substan-

tial step toward the commission of the offense.

■ ¶ 14 A person commits the above offense when he or she engages in deviate sexual intercourse with a complainant who is less than thirteen years of age. 18 Pa.C.S.A. § 3123(b). "The crime of involuntary deviate sexual intercourse occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse." *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1070 (Pa.Super.2003) (citation omitted). *See also* 18 Pa.C.S.A. § 3101. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

¶ 15 As noted above, at the time of the incidents in question, Appellant resided with his girlfriend, D.G., the mother of K.G. and C.G. On one occasion, K.G. was sitting on a love seat in her living room and Appellant was watching a "sex TV show." [9] K.G. testified that Appellant "took his wiener [10] out of his pants and started playing with it, and he walked over to me and he wanted me to lick it." N.T. 10/18–20/04 at 163–164. K.G. stated that Appellant "walked up to me and he held it up to my face and said, 'Can you lick my wiener?' " *Id.* at 165.

¶ 16 Based on the foregoing, we find the Commonwealth presented sufficient evidence for the jury to conclude that Appellant took a substantial step towards committing involuntary deviate sexual in-

tercourse, in view of the fact that he removed his penis from his pants, approached K.G., put his penis near her face, and asked her to lick him. Accordingly, Appellant's claim predicated on this basis is without merit.

■ ¶ 17 Appellant's third claim is that the trial court erred in denying his motion for acquittal on the charge of indecent exposure. Specifically, Appellant argues that the Commonwealth failed to introduce evidence that the conduct occurred in a public place, as required by the statute.

¶ 18 Title 18 Pa.C.S.A. § 3127 provides, in pertinent part, that:

A person commits indecent exposure if that person exposes his or her genitals in any public place **or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.**

18 Pa.C.S.A. § 3127(a) (emphasis added).

¶ 19 As discussed above, T.M. and K.G. testified that they were in Appellant's presence when they observed him view pornographic material, expose himself, and engage in manual masturbation. [11] We find that Appellant's actions satisfy the dictates of § 3127, so as to constitute the offense of indecent exposure. Therefore, Appellant's claim that the court erred in failing to grant a judgment of acquittal thereon is without merit.

■ ¶ 20 Appellant's next contention is that Commonwealth counsel committed prosecutorial misconduct in her closing ar-

---

9. K.G. described a "sex TV show" as one in which "a boy and girl, like, get naked and they, like, kiss and rub against each other." N.T. 10/18–20/04 at 164.

10. When questioned as to her meaning of Appellant's wiener, she responded, "[h]is private part." *Id.* at 164.

11. We note that A.S. testified that she too observed Appellant engage in manual masturbation as he watched "a movie about teenagers having sex." N.T. 10/18–20/04 at 107–108.

gument to the jury by continuously vouching for the credibility and veracity of the Commonwealth's witnesses. A review of the record reveal that trial counsel failed to object to the complained of statements; therefore, Appellant's challenge thereto is waived on appeal. *See* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *see also Commonwealth v. Hassine,* 340 Pa.Super. 318, 490 A.2d 438 (1985) (noting that the absence of an objection to alleged prejudicial remarks made during a prosecutorial summation renders the issue waived).

■ ¶ 21 Appellant's fifth claim is that the court erred in granting the Commonwealth's motion to consolidate the cases when the likelihood of confusion was high, and the attorney for the Commonwealth allegedly reneged on an earlier agreement to try the cases separately. The Supreme Court has stated that:

Whether or not separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant. Consolidation of separate offenses in a single trial is proper if the evidence of each of them would be admissible in a separate trial for the others and is capable of separation by the jury so that there is no danger of confusion. Pa. R.Crim.P. 1127(A)(1). Evidence of distinct crimes is inadmissible solely to demonstrate a defendant's criminal tendencies. Such evidence is admissible, however, to show a common plan, scheme or design embracing commission of multiple crimes, or to establish the identity of the perpetrator, so long as proof of one crime tends to prove the others. This will be true when there are shared similarities in the details of each crime.

*Commonwealth v. Keaton,* 556 Pa. 442, 457–458, 729 A.2d 529, 537 (1999) (internal citations omitted).

¶ 22 In the case *sub judice,* the trial court addressed the matter of consolidation as follows:

In these three (3) criminal informations, this Court unequivocally believes the evidence of each offense is admissible in separate trials for the others.... All of the alleged incidents occurred in the same residence. Additionally, [Appellant] initiated contact with the respective victims in one of two ways: either via games ('truth or dare' or Playstation video games) or pornography (i.e. [Appellant] would watch pornographic materials on television and masturbate in the victims' presence).

This Court also firmly believes this scenario satisfies the burden of whether the evidence in question is capable of separation by the jury. The [Appellant] was charged with distinct crimes at each case number.... While [Appellant's] degree of impropriety varied with the respective victims, this Court adopts the certain opinion that he operated decisively within a common scheme, with a clear motive and intent.

The final consideration on this point, whether the [Appellant] will be duly prejudiced by the consolidation of offenses, also successfully passes muster....

As previously stated herein, [Appellant] was charged with separate and distinct crimes at each case number. However, perhaps the most potent evidence that [Appellant] was not prejudiced is yielded by the jury's verdict. Quite simply, the jury performed yeomen's work, deliberated with purpose and diligence,

and found [Appellant] *not guilty* of numerous charges.

Trial Court Opinion filed 12/15/05 at 12–13 (footnote and citations omitted).

¶ 23 We agree with the court's assessment that similarities in the details of each crime were present so as to satisfy the requirements for consolidation of the matters. Specifically, the similarities involved in the three cases were probative of a common scheme, and each offense would have been admissible in a separate trial for the others. Additionally, the jury could readily separate the evidence connected with each case, thereby preventing confusion on the part of the jury. Finally, Appellant has failed to establish any prejudice as a result of the consolidation. Consequently, we find that the court did not abuse its discretion in granting consolidation.[12]

¶ 24 Next, Appellant claims that the trial court erred in denying his post-sentence motion for judgment of acquittal since the verdict was against the sufficiency of the evidence. In that issues concerning the sufficiency of the evidence were addressed *supra* in connection with Appellant's first three claims dealing with his motion for judgment of acquittal, Appellant's present claim needs no further analysis or discussion. Suffice it to say that there was sufficient evidence adduced at trial for the jury to conclude that Appellant was guilty of sexual assault, indecent assault, corruption of minors indecent exposure, and criminal attempt to commit involuntary deviate sexual intercourse.

¶ 25 Based on the foregoing, the judgment of sentence is affirmed.

¶ 26 Affirmed.

---

**12.** With regard to Appellant's contention that the Commonwealth reneged on an agreement to try the cases separately, as noted by the trial court in its December 15, 2005 Opinion, proceeding to trial on September 22, 2004 was a condition precedent to the Commonwealth's agreement to not pursue consolidation of matters at case number 965–2004. In its brief, the Commonwealth reiterates this position and notes that on September 22, 2004, Western Pennsylvania was recovering from severe flooding throughout the region, which resulted in flood issues for the victims' families. As evidenced by the record, the trial in this matter did not take place on September 22, 2004, but instead, October 18 to October 20, 2004. Consequently, we do not find that the court abused its discretion by consolidating all matters.