# Commonwealth v. Vaux

*Ellen R. West, assistant district attorney,* for Commonwealth.

*Jay M. Nigrini,* for defendant.

LUDGATE, *J.,* April 23, 2009—

# I. PROCEDURAL HISTORY

On March 4, 2008, Erik Keith Vaux (defendant) was charged by information in docket 829-08 with three counts of involuntary deviate sexual intercourse with a child, 18 Pa.C.S. §3123(b), three counts of indecent assault, 18 Pa.C.S. §3126(a)(7), three counts of indecent exposure, 18 Pa.C.S. §3127(a), endangering the welfare of a child, 18 Pa.C.S. §4304(a)(1) and corruption of minors, 18 Pa.C.S. §6301(a)(1).

On July 18, 2008, the defendant was charged in docket 3090-08 with involuntary deviate sexual intercourse with a child, 18 Pa.C.S. §3123(b), involuntary deviate sexual intercourse, 18 Pa.C.S. §3123(a)(7), two counts of indecent assault, 18 Pa.C.S. §3126(a)(7) and (a)(8), indecent exposure, 18 Pa.C.S. §3127(a), endangering the welfare of children, 18 Pa.C.S. §4304(a)(1) and corruption of minors, 18 Pa.C.S. §6301(a)(1). The same day, the defendant was charged in docket 3092-08 with involuntary deviate sexual intercourse with a child, 18 Pa.C.S. §3123(b), involuntary deviate sexual intercourse, 18 Pa.C.S. §3123(a)(7), two counts of indecent assault, 18 Pa.C.S. §3126(a)(7) and (a)(8), endangering the welfare of children, 18 Pa.C.S. §4304(a)(1) and corruption of minors, 18 Pa.C.S. §6301(a)(1).

On June 20, 2008, the court granted the Commonwealth's motion for joinder of trials pursuant to Pa.R.Crim.P. 582, finding similarity between the alleged victims and similarity of time frame throughout the three dockets. The defendant, through counsel, filed a motion to sever trials on September 11, 2008, which was denied September 17, 2008.

On October 15 and 16 of 2008, a jury trial was held before Judge Linda K.M. Ludgate. The jury returned a verdict of guilty on all counts in all three dockets.[1]

On March 24, 2009, this court held a Megan's Law hearing and found the defendant to be a sexually violent predator pursuant to 42 Pa.C.S. §9791 et seq. and ordered the defendant to register as a sex offender for the rest of his life. That day, this court also sentenced the defendant to a total sentence of 51 to 125 years incarceration with 462 days of credit time.

The defendant, through counsel, filed a timely notice of appeal on March 25, 2009. On March 31, 2009, this court ordered the defendant to file a concise statement of errors complained of on appeal pursuant to 1925(b) Pa.R.A.P. within 21 days. On April 6, 2009, the defendant timely filed his 1925(b) statement.

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court respectfully requests the instant appeal be denied.

## II. ISSUES RAISED BY THE DEFENDANT

The defendant raises only one issue on appeal, being "[w]hether the trial court erred in denying appellant's motion to sever the three separate cases for trial."

---

1. Excluding the indecent exposure charges in docket 829-08, for which the court granted the defendant's motion for judgment of acquittal prior to jury deliberations.

## III. DISCUSSION

The joinder of separate indictments or informations for trial is governed by Rule 582 of the Pennsylvania Rules of Criminal Procedure. The rule provides:

*"(A) Standards*

"(1) Offenses charged in separate indictments or informations may be tried together if:

"(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

"(b) the offenses charged are based on the same act or transaction."

Rule 583 also provides "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together."

"Whether or not separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Newman,* 528 Pa. 393, 398, 598 A.2d 275, 277 (1991). Evidence of distinct crimes is inadmissible solely to demonstrate a defendant's criminal tendencies; however, evidence is admissible to show a *common plan, scheme or design* embracing commission of multiple crimes, or to establish the identity of the perpetrator, so long as proof of one crime tends to prove the others. This will be true when

there are shared similarities in the details of each crime. *Commonwealth v. Keaton*, 556 Pa. 442, 458, 729 A.2d 529, 537 (1999), *cert. denied*, 528 U.S. 1163 (2000). (emphasis added) "To establish similarity, several factors to be considered are the elapsed time between the crimes, the geographical proximity of the crime scenes, and the manner in which the crimes were committed." *Commonwealth v. Rush*, 538 Pa. 104, 113, 646 A.2d 557, 561 (1994).

In *Commonwealth v. Andrulewicz*, three cases charging Andrulewicz with various sex crimes on separate juvenile victims were consolidated for trial. The trial court found the similarities between the cases to be probative of a common plan or scheme and that evidence of each offense would be admissible in separate trials. The Superior Court affirmed. 911 A.2d 162 (Pa. Super. 2006), *appeal denied*, 592 Pa. 778, 926 A.2d 972 (2007).

In this case, all three victims described remarkably similar occurrences. Each of the victims testified the defendant would provide them marijuana and alcohol. (Notes of testimony (N.T.) 10/15/08-10/16/08, pp. 7, 9, 44, 81.) Each of the victims described multiple instances of the defendant placing his mouth on their penis while each boy was intoxicated or passed out. (N.T. 10/15/08-10/16/08, pp. 9, 45, 47, 77, 79.) Victim M.M. testified the sexual episodes with the defendant began when he was approximately 11 years old and stopped at approximately 14 or 15 years old. (N.T. 10/15/08-10/16/08, pp. 6, 11.) Victim N.K. stated the assaults began while he was 12 or 13 and concluded at age 15. (N.T. 10/15/08-10/16/08, pp. 43, 51, 53.) The third victim, N.P., stated the oral sex happened when he was as young as 6 years

old and as old as 13. (N.T. 10/15/08-10/16/08, pp. 74-75.) All three testified the assaults happened at the defendant's home in Laureldale and the home of the defendant's parents in Shillington.[2] (N.T. 10/15/08-10/16/08, pp. 7, 8, 45-46, 48, 75-76.)

The relation of the separately charged crimes is also shown through the relationships of the victims to one another. Victim M.M. testified he was friends with victims N.P. and N.K. and that the defendant was friends with the families of N.P. and N.K. (N.T. 10/15/08-10/16/08, p. 6.) Victim N.K. testified he was friends with the family of N.P. (N.T. 10/15/08-10/16/08, p. 43.) Victim N.P. stated he knew N.K. and M.M. and they were present 20 or more times during the assault. (N.T. 10/15/08-10/16/08, p. 80.)

The court concluded the similarities between the victims and the manner in which they were victimized were sufficient to constitute a common plan or scheme, such that evidence of each would be admissible in separate trials.

The jury was capable of separation of the evidence; there was no danger of confusion or prejudice to the defendant. When charging the jury, the court went to painstaking means to detail which instructions applied to which docket and which alleged victim, to prevent confusion by the jury. For example, the court instructed

---

2. M.M. also testified to assaults at an Econo Lodge motel; the motel was determined by police to be in Douglasville, Berks County, Pennsylvania. N.P. testified to instances occurring at an apartment in Mt. Penn. (N.T. 10/15/08-10/16/08, pp. 8, 78, 108.)

the jury "[t]his charge of involuntary deviate sexual intercourse relates to Count 2 of the case where [N.K.] is the victim and Count 2 where [M.M.] is the victim." (Notes of testimony, jury charge, 10/16/08, p. 14.) This type of guidance was given throughout the jury charge in order to distinguish between the crimes alleged as applicable to each victim, including different types and subsections of IDSI and indecent assault. (Notes of testimony, jury charge, 10/16/08, pp. 12-21.)

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied.