J-A06022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KADEEM R. SMITH | |
| Appellant | No. 454 EDA 2014 |

Appeal from the Judgment of Sentence January 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000962-2011

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                        **FILED JUNE 16, 2015**

Kadeem R. Smith appeals from the judgment of sentence imposed on January 7, 2014, in the Court of Common Pleas of Philadelphia County, made final by the denial of post-sentence motions on February 26, 2014. On November 18, 2013, a jury convicted Smith of carrying a firearm without a license and carrying a firearm on public property in Philadelphia.[1]  The court sentenced Smith to an aggregate term of four to eight years' imprisonment.  On appeal, Smith raises the following three issues:  (1) whether Smith waived the merits of his Pa.R.A.P. 1925(b) concise statement issue; (2) whether he failed to properly raise a motion for judgment of acquittal; and (3) whether there was sufficient evidence to support his

---

[1]  18 Pa.C.S. §§ 6106(a)(1) and 6108, respectively.

firearm possession conviction. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm the judgment of sentence.

The trial court set forth the facts as follows:

> On December 3, 2010, at approximately 12:44 a.m., police responded to a report about gunshots on the 3100 block of Reach Street. There was no one at this location. However, upon surveying the scene and responding to screams coming from approximately two blocks away, police located Lamar Wilkins lying on the ground at G and Allegheny Streets. Wilkins had two gunshot wounds in his left leg. He reported to police that he had withdrawn money from an ATM located at Kensington and Allegheny Streets. As he was walking away, Wilkins was approached from the side and from behind by two armed men who demanded his money. They went through his pockets and took his keys, a wallet containing five dollars ($5.00), a cell phone, and an iPod. A struggle ensued, and Wilkins was struck in the head with the butt of a gun and, ultimately, shot twice in his left leg. The offenders fled northbound on the 3200 block of G Street. Wilkins provided a description of both offenders. These descriptions were dispatched over police radio. Thereafter, he was taken by ambulance to Temple University Hospital to be treated for the gunshot wounds.

> Based upon the radio information, police located and pursued [Smith] and his co-conspirator Julius Bailey. [Smith] was pursued through an alley and apprehended near G and Madison Streets. [Smith] was transported to Temple University Hospital where he was positively identified by Wilkins as one of the men who shot him.

> Police searched the vicinity of G and Allegheny Streets for evidence of a robbery. They found a .40 caliber Taurus semiautomatic handgun in the backyard of a house in the alley where [Smith] had been pursued by police. A DNA examination of that handgun was performed, and it revealed that [Smith]'s DNA was on the handgun.

Trial Court Opinion, 8/25/2014, at 2-3 (footnote and record citations omitted).

Smith was arrested on December 3, 2010, and charged with aggravated assault, robbery, conspiracy, carrying a firearm without a license, carrying a firearm on public property in Philadelphia, and possessing an instrument of crime. Smith and Bailey were tried together, and their jury trial began on November 12, 2013. On November 18, 2013, the jury convicted Smith of carrying a firearm without a license and carrying a firearm on public property in Philadelphia. The jury found Smith not guilty of the remaining charges. On January 7, 2014, the court sentenced him to a term of three-and-a-half to seven years' incarceration for carrying a firearm without a license and a consecutive term of six to 12 months' incarceration, followed by four years' probation, for carrying a firearm on public property in Philadelphia.

On January 16, 2014, Smith filed a motion for reconsideration of sentence, requesting to modify and reduce the sentence. However, prior to the resolution of the post-sentence motion, Smith filed a *pro se* notice of appeal on February 5, 2014.[2] Appellate counsel was appointed. On February 12, 2014, the trial court ordered Smith to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Smith

_____

[2] Because Smith filed the notice of appeal, the motion for reconsideration was denied by operation of law on February 26, 2014.

failed to file a concise statement. On June 19, 2014, the court sent a letter to Smith's counsel again requesting a concise statement.[3] On August 18, 2014, Smith filed a statement.

Smith now raises the following issues on appeal:

A. Did [Smith] waive the merits of his [Rule] 1925(b) statement issues, under the circumstances?

B. Did [Smith] waive, or fail to raise, a motion for judgment of acquittal?

C. Did the Commonwealth submit sufficient evidence to prove the necessary element of "concealment" beyond a reasonable doubt, in its prosecution of the charge of violating 18 Pa.C.S.A. §6106(a)[, carrying a firearm without a license,] against [Smith]?

Smith's Brief at 2.

In his first issue, Smith asserts he did not waive the merits of his concise statement issues for failure to timely file. *Id.* at 6. Specifically, he states the trial court inadvertently sent the concise statement order to trial counsel, but not to appellate counsel. Moreover, he avers that while a copy of the order was sent to Smith, himself, "the Docket record does not show if the document was ever actually received by [Smith] who was incarcerated somewhere in the Pennsylvania prison system at that time." *Id.* Furthermore, he indicates appellate counsel was also having difficulty

_____

[3] The court indicated that it considered a delay in receiving the notes of testimony before making the second request for the concise statement. N.T., 8/25/2014, at 2 n.4.

- 4 -

locating and obtaining the trial transcripts and it was not until counsel contacted the court requesting assistance to obtain those transcripts that counsel was then informed of the Rule 1925(b) order.

We find this first issue moot as the trial court did not waive Smith's issues. Based on the procedural history, it appears there was a judicial breakdown and/or clerical error when the court sent the Rule 1925(b) order to trial counsel and not to appellate counsel. Nevertheless, the trial court did send the order again to the proper counsel and permitted Smith to file a concise statement. Furthermore, in its August 25, 2014, Rule 1925(a) opinion, the court addressed the issues raised in Smith's concise statement. Therefore, we need not address this issue further.

In his second argument, Smith contends the court erred in finding that he never submitted a motion for judgment of acquittal with respect to the carrying a firearm without a license offense. Smith's Brief at 9. He states he did make an oral motion at trial, and the court denied that motion, finding there was enough evidence for the case to go to the jury with respect to all of the charges. *Id.*

With regard to this issue, the trial court stated:

> After carefully reviewing the record, the Court finds that [Smith]'s counsel never submitted a Motion for Judgment of Acquittal. Therefore, the Court did not erroneously deny this motion. However, even if the court had denied the defense's Motion for Judgment of Acquittal, the Court's decision would not have constituted error in this case.

Trial Court Opinion, 8/25/2014, at 3.

Our review of the record indicates that at the end of the Commonwealth's case-in-chief, Smith's counsel did, indeed, make an oral motion for judgment of acquittal. Trial counsel stated:

> I would make a motion for judgment of acquittal for Kahdeem Smith [sic] on all charges. My argument is brief in that no reasonable jury, based on the evidence they have heard, would be able to find beyond a reasonable doubt that my client committed aggravated assault, robbery, conspiracy, and the VUFA charge of possessing an instrument of crime.

N.T., 11/15/2013, at 67. The Commonwealth then requested the court deny the motion. *Id.* The court responded, "Thank you. I recognize the two of you have done your jobs by making the appropriate motion for judgment of acquittal, but I think there is enough evidence for the case to go to the jury with all those charges." *Id.* at 68.

We conclude that while Smith did not make a specific argument as to the proof of the element of concealment when he made the motion for judgment of acquittal, his oral motion did encompass that issue. Nevertheless, as will be discussed below, the trial court properly denied the motion.

In his third argument, Smith argues there was insufficient evidence for the case to go to the jury on the charge of carrying a firearm without a license because the Commonwealth did not prove the element of "concealment." *Id.* at 10. Smith admits that while the evidence demonstrated he "was at some time and place in possession of the firearm" that was found by police on the night in question, the evidence did not

- 6 -

establish that he concealed the weapon. Therefore, he states there was insufficient evidence to support the conviction.

> A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.
>
> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Andrulewicz**, 911 A.2d 162, 165 (Pa. Super. 2006) (citations omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

> The crime of carrying a firearm without a license is defined as follows:
>
> [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a).

Here, the record reveals the following: On the early morning of December 3, 2010, the victim, Lamar Wilkins, testified he was coming from an ATM machine, when two men came up to him and put a gun to his side, asking for money. N.T., 11/12/2013, at 150-151. The victim stated both men had guns, and he "believed" Smith and co-defendant Bailey removed their guns from "inside their jackets" when they approached him. *Id.* at 151. Police Officer Patrick Keck responded to a radio dispatch regarding a shooting, and saw two males walking in the vicinity of the incident that matched the description of the perpetrators. *Id.* at 93. He indicated that before he exited his vehicle, Smith and Bailey took off running in the direction of an alleyway on G Street. *Id.* A foot chase ensued with Police Officer Joseph Guinan responding to the scene. N.T., 11/14/2013, at 146. Officer Guinan followed Smith while Officer Keck pursued Bailey. Officer Guinan observed Smith come out of the G Street alley and then go into another alley between Madison and Willard Streets. *Id.* at 148. The officer ran behind Smith and told him to stop. *Id.* Smith stopped about half-way up the alley. *Id.* Officer Guinan did not see Smith discard anything during the chase. *Id.* at 159.

Later that morning, Detective Gilberto Ortiz recovered a loaded .40 caliber Taurus semiautomatic handgun from a rear yard of one the homes that abutted the alleyway between the 800 block of Willard and Madison Streets. *See* N.T., 11/14/2013, at 58-59. Forensic testing of the recovered

gun was subsequently completed. Benjamin Sapir Levin, of the Philadelphia Police Department DNA Laboratory, testified he analyzed DNA samples taken from the gun as well as samples taken from Smith and Bailey. Smith was found to be a contributor of DNA tested from swabs of the gun's tripper grips, trigger guard, and ammunition magazine. *Id.* at 81-98. Lastly, it was stipulated at trial that Smith did not have a valid license to carry a firearm. *Id.* at 49.

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, and drawing all reasonable inferences therefrom, we conclude, as did the trial court, that there was sufficient evidence to support Smith's carrying a firearm without a license conviction. The element of concealment was established circumstantially by the Commonwealth, which is permissible. *See Andrulewicz*, 911 A.2d at 165. The facts demonstrated that when Smith fled down the alleyway, the officer did not observe him brandishing a gun. Nevertheless, a gun was recovered from that same alleyway and Smith's DNA was found on the weapon. Additionally, the victim testified that he saw Smith and his co-defendant remove the guns from inside their jackets. The jury could reasonably infer that Smith concealed the weapon on his person before throwing it into a backyard while fleeing down the alley. Therefore, we conclude the Commonwealth presented sufficient circumstantial evidence to support Smith's firearm conviction under Section 6106(a), and the trial court did not

err in denying his motion for judgment of acquittal. Accordingly, Smith's final argument also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2015