J. A24035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                          :           PENNSYLVANIA
              v.                :
                          :
STEVEN ARTHUR TAYLOR, JR.,     :      No. 460 MDA 2018
                          :
           Appellant      :

Appeal from the Judgment of Sentence, February 6, 2018,
in the Court of Common Pleas of Cumberland County
Criminal Division at No. CP-21-CR-0000715-2017

BEFORE: OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MAY 08, 2019**

Steven Arthur Taylor, Jr., appeals from the February 6, 2018 judgment of sentence ordering him to pay the costs of prosecution, a $300 fine, and to undergo six months' supervised probation, imposed after he was found guilty in a bench trial of driving under the influence of alcohol or a controlled substance – general impairment ("DUI").[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> [O]n June 5, 2016, at around 2:05 a.m., Upper Allen
> Township Police Officer Mark Sanguinito initiated a
> traffic stop in Mechanicsburg, Pennsylvania.  The stop
> was made as a result of Officer Sanguinito's
> observation of a black SUV drifting between the
> street's fog line and solid yellow line before turning
> into the exit of a Burger King marked by a "Do Not

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

> Enter" sign. Officer Sanguinito identified the vehicle's operator as [appellant], and testified that he observed what he concluded to be an odor of alcohol emanating from [appellant's] breath, as well as glassy, bloodshot eyes. After displaying what Officer Sanguinito identified as clues of intoxication during the Standardized Field Sobriety Tests, Officer Sanguinito arrested and charged [appellant] with two counts of DUI, as noted above. Officer Sanguinito's testimony at trial was aided by the officer's dashboard Mobile Video Recording ("MVR").
>
> On cross[-]examination, Officer Sanguinito admitted that [appellant] only touched the painted lines on the street and never fully changed lanes. He also admitted that there may have been other explanations for [appellant's] glassy, bloodshot eyes and that he had no trouble finding his identification documents. No blood alcohol evidence was admitted at trial.

Trial court opinion, 2/22/18 at 1-2.

As noted, appellant proceeded to a bench trial before the Honorable Jessica E. Brewbaker on December 18, 2017. Following the bench trial, Judge Brewbaker took this case under advisement to review Officer Sanguinito's dashboard MVR. On December 20, 2017, appellant was found guilty of one count of DUI – general impairment, in violation of 75 Pa.C.S.A § 3802(a)(1).[2] As noted, appellant was sentenced to pay the costs of prosecution, a $300 fine, and to undergo six months' supervised probation on February 6, 2018. That same day, appellant filed a timely post-sentence motion, arguing that the verdict was against the weight of the

---

[2] Appellant was found not guilty of DUI in violation of 75 Pa.C.S.A. § 3802(a)(2) (driving with BAC of at least 0.08% but less than 0.10%).

evidence and there was insufficient evidence to support his conviction for DUI – general impairment. (**See** "Post Sentence Motion," 2/6/18 at 2-4.)[3] On February 22, 2018, the trial court filed an opinion and order denying appellant's post-sentence motion. This timely appeal followed on March 15, 2018.[4]

Appellant raises the following issues for our review:

> 1.   Whether there was insufficient evidence to support the trial court's finding of guilt as to DUI: General Impairment, because the Commonwealth failed to present sufficient evidence that [appellant] was incapable of safely operating an automobile because of alcohol consumption[?]
>
> 2.   Whether the trial court's verdict of guilt as to DUI: General Impairment was against the weight of the evidence where the officer was unable to link any observations of impaired driving to [appellant] and the Commonwealth's evidence did not establish that [appellant]'s mental and physical faculties were impaired such that he could not safely operate a motor vehicle[?]

Appellant's brief at 1.

Appellant first argues that there was insufficient evidence to sustain his conviction for DUI under Section 3802(a)(1) "because the Commonwealth

---

[3] Appellant's post-sentence motion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

failed to present sufficient evidence that [appellant] was incapable of safely operating an automobile because of alcohol consumption." (**Id.** at 25.)

Our standard of review in assessing a sufficiency of the evidence claim is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. N.M.C.**, 172 A.3d 1146, 1149 (Pa.Super. 2017) (citations omitted).

Section 3802 of the Crimes Code defines the offense of DUI – general impairment, in relevant part, as follows:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient

> amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was sufficient evidence to support the trial court's conclusion that appellant was incapable of safely operating his vehicle due to his consumption of alcohol. This court has long recognized that "a police officer who has perceived a defendant's appearance and conduct is competent to express an opinion, in a prosecution for [DUI,] as to the defendant's state of intoxication and ability to safely drive a vehicle." *Commonwealth v. Butler*, 856 A.2d 131, 137 (Pa.Super. 2004). Here, the record demonstrates that in the early morning hours of June 5, 2016, Officer Sanguinito observed appellant's vehicle make a wide left-hand turn from Gettysburg Pike onto Cumberland Parkway into the wrong traffic lane generally utilized by vehicles exiting the Giant grocery store parking lot. (Notes of testimony, 12/18/17 at 13.) As Officer Sanguinito proceeded to follow appellant's vehicle, he observed it drift between the roadway's fog line and solid yellow line before turning into the exit of a Burger King parking lot marked by a "do not enter one way" sign. (*Id.* at 14-16.) Based on these observations, Officer Sanguinito initiated a traffic stop of appellant's vehicle. (*Id.*)

The record reflects that this incident was memorialized in a video taken from an MVR in Officer Sanguinito's marked patrol car; the MVR was introduced at trial and viewed by the trial court. (*Id.* at 14.) Officer Sanguinito testified that during the course of the traffic stop, he observed that appellant exhibited multiple signs of intoxication, including "glassy and bloodshot eyes" and "an odor of alcohol emanating from his breath." (*Id.* at 18-19.) The record further reflects that during Officer Sanguinito's administration of two standardized field sobriety tests ("SFSTs") to appellant, he observed appellant display multiple "clues" of intoxication, including raising his arms for balance and "swaying side to side, back and forth." (*Id.* at 19-26.) Officer Sanguinito opined that following the administration of the SFSTs, he believed appellant to be incapable of driving safely:

> A. [] At the conclusion of these tests, it was my professional opinion that based on [appellant's] glassy, bloodshot eyes, the odor of alcohol on his breath, and the clue that I observed [during the SFST], that he was incapable of safe driving.
>
> Q. Did you take [appellant's] driving into consideration as well?
>
> A. And the driving, yes.

*Id.* at 24.

Based on the foregoing, we find that the Commonwealth established the elements of impairment and inability to drive safely, and appellant's contention that there was insufficient evidence to sustain his conviction for

DUI under Section 3802(a)(1) must fail. ***See***, ***e.g.***, ***Commonwealth v. Mobley***, 14 A.3d 887, 890 (Pa.Super. 2011) (holding that the impaired ability to drive safely was proven where the defendant failed field sobriety tests, smelled of alcohol, and ran a stop sign with a police officer in plain view).

We now turn to appellant's argument that the verdict was against the weight of the evidence. Appellant avers that "the Commonwealth's evidence did not establish that [appellant]'s mental and physical faculties were impaired such that he could not safely operate a motor vehicle." (Appellant's brief at 32.)

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." ***Commonwealth v. Galvin***, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), ***cert. denied***, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Shaffer***, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

Our supreme court has long recognized that,

> [b]ecause the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict

is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Instantly, we discern no abuse of discretion on the part of the trial court in rejecting appellant's weight claim. As noted, Officer Sanguinito testified at great length that appellant demonstrated multiple signs of impairment throughout both the traffic stop and two subsequent field sobriety tests, rendering him incapable of safely driving or operating his vehicle. (*See* notes of testimony, 12/18/17 at 11-28.) "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*,

- 8 -

911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), ***appeal denied***, 926 A.2d 972 (Pa. 2007). Here, Judge Brewbaker, sitting as fact-finder, concluded that Officer Sanguinito's credible testimony and the corroborating MVR evidence presented at trial weighed in favor of the conclusion "that [appellant] was guilty of DUI to a degree that he was incapable of safely driving[,]" and elected not to believe appellant's version of the events. (Trial court opinion, 2/22/18 at 3.) We are precluded from reweighing the evidence and substituting our judgment for that of the fact-finder. ***Clay***, 64 A.3d at 1055.

For all the forgoing reasons, we affirm the February 6, 2018 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/08/2019