J-S02042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :          PENNSYLVANIA
                    :
         v.                 :
                    :
                    :
JULIAN ROSEMARIE BAILEY        :
                    :
        Appellant        :   No. 190 EDA 2023

Appeal from the Judgment of Sentence Entered May 17, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003007-2021

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED FEBRUARY 28, 2024**

Julian Rosemarie Bailey appeals from the May 17, 2022 judgment of sentence of two years' probation, with six months to be served on house arrest with electronic monitoring, imposed after a jury found her guilty of simple assault and the summary offense of harassment.[1] After careful review, we affirm the judgement of sentence.

The trial court summarized the relevant facts of this case as follows:

> On June 21, 2021, at approximately 1:24 PM, Officer Michael Godfrey of the Whitehall Township Police Department responded to Fellowship Manor for a report of an assault. When Godfrey arrived, he spoke with Jorge Cuenca, Vice President of Nursing[.] Cuenca advised the officer that one of their residents, Alfred Fruhwirth, was assaulted by one of their

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively.

Certified Nursing Assistants ("CAN"). The CNA was identified as [Appellant].

Officer Godfrey spoke with a witness, Audrey Davis, who indicated she and [Appellant] were attempting to change Mr. Fruhwirth's catheter when Fruhwirth became combative. She stated she was near Fruhwirth's leg area changing the catheter, and [Appellant] was attempting to hold Fruhwirth down. Davis stated that while she was changing the catheter, she observed [Appellant] strike Fruhwirth in the head twice with her foot.

At [Appellant's] trial, Ms. Davis testified unequivocally that she saw [Appellant] kick Mr. Fruhwirth in the head twice. [Appellant] denied the allegations.

Trial court opinion, 4/13/23 at 2

Appellant proceeded to a jury trial before the Honorable James T. Anthony on April 12, 2022. Following a two-day trial, Appellant was found guilty of simple assault and the summary offense of harassment. As noted, Appellant was sentenced to two years' probation, with six months to be served on house arrest with electronic monitoring, on May 17, 2022. Appellant filed a post-sentence motion which was denied by the trial court on December 13, 2022. This timely appeal followed on January 12, 2023.[2]

Appellant raises the following issue for our review:

[I.] Whether the verdict was against the weight of the evidence when the Commonwealth presented evidence that was so seriously lacking any creditability to shock one's sense of justice[?]

_____

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant's brief at 4.

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a

> trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we find that the trial court properly exercised its discretion in concluding that the jury's verdict was not against the weight of the evidence. *See* trial court opinion, 4/13/23 at 2-3. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

Here, the jury heard testimony from eyewitness Davis that Appellant kicked the elderly victim in the forehead multiple times, resulting in an injury that was plainly observable by Officer Godfrey upon his response to the scene. *See* notes of testimony, 4/13/22 at 27, 128-130. The jury clearly found the testimony presented by the Commonwealth credible and elected not to believe Appellant's version of the events. Appellant essentially asks us to reassess

the factfinder's credibility determinations. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. **Clay**, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/28/2024