J-S30041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA DOUGLAS SABINS | : | |
| | : | |
| Appellant | : | No. 409 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 9, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001168-2021

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: SEPTEMBER 30, 2024**

Joshua Douglas Sabins appeals from the May 9, 2023 aggregate judgment of sentence of four years' probation and fines, imposed after a jury found him guilty of criminal trespass, criminal mischief, and harassment.[1] After careful review, we affirm the judgement of sentence.[2]

The trial court summarized the relevant facts of this case as follows:

> [T]he victim[, Amber Eckroth,] testified that she and [Appellant] were in an on-again/off-again relationship and that on August 14, 2021, she picked [Appellant] up from a bar and took him to her home.  While there, [Appellant] was intoxicated, became sick, and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii), 3304(a)(5), and 2709(a)(1), respectively.

[2] The Commonwealth has indicated that it will not be filing a brief in this matter and is relying on the reasoning set forth in the trial court's September 25, 2023 opinion.

referred to the victim by another woman's name. The victim testified "I told him, um, that he had to leave. After I saw the previous messages with his other ex-girlfriend, I said, I don't care how you g[e]t home, that's on you. You can walk. You're just not staying here. You're not staying on the couch and he refused. I kept yelling at him, telling him that he had to leave, I didn't want him there anymore, and he finally agreed to leave if he could find his wallet." The victim testified that she walked outside the apartment to her car, retrieved the wallet, handed it to [Appellant] and walked back inside. She indicated, "[H]e was still standing there for a couple of seconds so he wasn't right behind me. He was a couple steps behind. Once I got into my apartment I closed the front door and I locked it because at that point he had no reason to be in there anymore."

When asked by counsel if [Appellant] watched her close the door, the victim testified, "[a]s far as I know, he was watching me close the door." The victim further testified that [Appellant] began banging on the door so she went upstairs" and that's when the banging got more frequent and heavier, and it sounded like he was about to break my door in so that's when I called the police." The victim testified that her door contained a dead bolt lock and that she put the dead bolt on when she came in. The Commonwealth presented photographs of the damages to the door resulting from [Appellant's] actions. The victim testified "[t]he actual lock itself was the dead bolt and that couldn't be locked because the metal piece that held the lock into the frame was broken off" and "there's wood paneling, the frame of the door was supposed to be there. That was knocked off. This is the — the drywall was knocked off." Between the incident and the trial, the victim moved out of the apartment. She testified "the front door still is not fixed … they did keep my safety deposit to fix the damages." The victim testified that her unreturned security deposit was $ 1,100.

Officer [Brian] Yoas with the Lycoming Regional Police Department testified that he took pictures of the

victim's home, and when questioned about whether there was "significant damage" he responded "[y]es." He testified that the door was unable to be locked because "[t]he deadbolt is what actually locks the door into the door frame. A portion of the frame is no longer there." He further described seeing broken trim around the door and wet footprints. When asked if this was consistent with forced entry, Officer Yoas responded "from my experience as you can obviously see from the pictures, it is not something that an individual is wanted in that residence. And it looks like an individual may have forced their way into the residence."

Trial court opinion, 9/25/23 at 3-5 (citations to notes of testimony omitted; some brackets in original).

The trial court summarized the procedural history of this case as follows:

On August 14, 2021, burglary, criminal trespassing, criminal mischief, and related charges were filed against [Appellant]. A jury trial was held on February 3, 2023, after which the jury returned a verdict of guilty on Count 2, Criminal Trespass, and Count 4, Criminal Mischief. On May 9, 2023, [Appellant] was sentenced … to pay all the costs of prosecution and to be placed on probation for [an aggregate] period of four (4) years under the Supervision of the Adult Probation Office of Lycoming County. **. . .** At sentencing, [Appellant] requested a hearing on the issue of restitution, which was held on May 26, 2023. At that time, the Commonwealth withdrew its request for restitution, noting that they had received confirmation from the landlord that the withholding of the victim's security deposit was unrelated to the incident. Appellant filed his post-sentence motion on May 18, 2023, seeking a new trial based upon the allegation that the verdict was against the weight of the evidence as well as a judgment of acquittal/arrest of judgment due to the allegation of insufficient evidence to convict him of the crimes. Argument was held on August 23, 2023. On September 25, 2023, this Court granted Appellant's motion with respect to

the criminal mischief charge, as the Commonwealth did not present sufficient evidence of a specific dollar amount of property damage to substantiate the enhanced grading on the offense. Therefore, the Court amended it sentencing Order dated May 9, 2023, to indicated that Count 4, Criminal Mischief, was summary offense and the sentence of the Court was that [Appellant] shall pay a fine in the amount of $100.00. The remaining issues in the post-sentence motion were denied.

Appellant filed a timely appeal on September 26, 2023, which was dismissed by the Superior Court on December 1, 2023, for the failure of [A]ppellant to comply with Pa.R.A.P. 3517. Appellant filed a **pro se** petition [pursuant to the PCRA][3] on December 18, 2023, and on February 23, 2024, K. Michael Sullivan, Esquire, appointed counsel, filed an amended PCRA petition seeking to have Appellant's direct appeal rights reinstated. The Commonwealth concurred with the relief requested and on February 28, 2024, this Court entered an order granting Appellant's PCRA petition and reinstating his direct appeal rights. A timely notice of appeal was filed on March 22, 2024. On April 10, 2024, Appellant filed a Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b)[.]

Trial court opinion, 4/19/24 at 1-2 (extraneous capitalization omitted).

On April 19, 2024, the trial court filed its Rule 1925(a) opinion, indicating that it was relying on its analysis set forth in its prior September 25, 2023 opinion.

Appellant raises the following issue for our review:

> I. Whether Appellant's conviction is against the weight of the evidence, in that the Commonwealth failed to produce evidence that

---

[3] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

> [he] did not reasonably know that he could not remain on the premises[?]

Appellant's brief at 7.

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we find that the trial court properly exercised its discretion in concluding that the jury's verdict was not against the weight of the evidence. *See* trial court opinion, 9/25/23 at 5-6. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

Here, the jury heard testimony from a number of witnesses at trial, including both the victim and Lycoming Police Officers Yoas and Robert Mausteller. *See* notes of testimony, 2/3/23 at 20-37, 114-116, 123-139. The jury clearly found the testimony presented by the Commonwealth credible and

elected not to believe Appellant's version of the events. Appellant essentially asks us to reassess the factfinder's credibility determinations. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Clay*, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

Judgment of sentence affirmed.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2024