J. A16018/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMAS JAMES FRAUENS, | : | No. 747 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 21, 2016,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0016336-2014

BEFORE:  STABILE, J., FORD ELLIOTT, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 7, 2017**

Thomas James Frauens appeals[1] from the April 21, 2016 judgment of sentence imposing a $475 fine after the trial court found him guilty of the summary traffic offenses of reckless driving, careless driving, and failure to drive at a safe speed.[2]  After careful review, we affirm the judgment of sentence.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the May 5, 2016 order denying his post-sentence motion.  In a criminal action, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.  ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 158 n.1 (Pa.Super. 2007) (noting that an appeal from an order denying post-sentence motions is procedurally improper because a direct appeal in a criminal proceeding lies from judgment of sentence).  Accordingly, we have corrected the caption.

[2] 75 Pa.C.S.A. §§ 3736, 3714, and 3361, respectively.

The evidence adduced at trial established that on the afternoon of September 22, 2014, appellant, a 13-year veteran of the Port Authority Transit ("PAT"), was driving his PAT bus side-by-side with another bus driven by Juliann Maier (hereinafter, "co-defendant") on Interstate Route 279. Several witnesses observed each bus traveling at a considerable rate of speed and veering to the right and left in their respective lanes. Ultimately, the two buses made contact, causing co-defendant's bus to careen off the roadway and go over a hillside. Appellant acknowledged leaving the scene and continuing his route following the crash, testifying that he believed that he had not been in an accident because he never felt the two buses make contact. (**See** notes of testimony, 4/11-21/16 at 44, 47-52, 63-64, 72-76, 151-158, 445, 452-454.)

On November 12, 2014, appellant was charged with the aforementioned summary traffic offenses as well as four counts of recklessly endangering another person ("REAP"), accidents involving death or personal injury, accidents involving damage to attended vehicle or property, failure to notify police of an accident, and failure to give information and render aid.[3] Appellant waived his right to a jury and proceeded to a bench trial alongside co-defendant on April 11, 2016. At trial, the Commonwealth argued that the bus accident occurred because appellant and co-defendant were racing.

---

[3] 18 Pa.C.S.A. § 2705 and 75 Pa.C.S.A. §§ 3742, 3743, 3746, 3744, respectively.

Appellant, in turn, maintained that the accident resulted from a mechanical failure in co-defendant's bus. On April 21, 2016, the trial court found appellant guilty of the summary offenses of reckless driving, careless driving, and failure to drive at a safe speed and sentenced him to pay fines totaling $475. Appellant was found not guilty of the remaining charges.[4]

On May 2, 2016, appellant filed a post-sentence motion challenging the weight of the evidence, which was denied by the trial court on May 5, 2016. This timely appeal followed on May 24, 2016. On June 3, 2016, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), by August 3, 2016. Appellant filed a timely Rule 1925(b) statement on August 2, 2016, and the trial court filed its Rule 1925(a) opinion on October 4, 2016.

On appeal, appellant raises the following issues for our review:

> I.    Whether the non-jury verdict by the [trial c]ourt convicting [a]ppellant of one count of disregarding traffic lane, 75 Pa.C.S.[A.] § 3309(1), was against the weight of the evidence and whether the verdict on this count was legally insufficient based upon the [trial c]ourt's factual finding supporting that verdict[?]
>
> II.   Whether the [trial c]ourt's verdict of guilt on one count of driving at safe speed,

---

[4] The record reflects that co-defendant was found guilty of the summary offenses of reckless driving, careless driving, failure to drive at a safe speed, and disregarding a traffic lane, 75 Pa.C.S.A. § 3309. The trial court found co-defendant not guilty of accidents involving overturned vehicles, 75 Pa.C.S.A. § 3716; and four counts of REAP.

> > 75 Pa.C.S.[A.] § 3361, was against the weight of the evidence[?]
>
> > III. Whether the [trial c]ourt's verdict of guilt on one count of careless driving, 75 Pa.C.S.[A.] § 3714(a), was against the weight of the evidence[?]
>
> > IV. Whether the [trial c]ourt's verdict of guilt on one count of reckless driving, 75 Pa.C.S.[A.] § 3736(a), was against the weight of the evidence[?]

Appellant's brief at 5.

Preliminarily, we note that any challenge appellant makes with respect to 75 Pa.C.S.A. § 3309 is moot, as the record reflects that appellant was never charged nor convicted of this offense. Additionally, appellant's brief, in large part, conflates the principles of weight and sufficiency of the evidence. Appellant raises challenges to the weight of the evidence in the "Statement of the Questions Involved" and "Summary of the Argument" sections in his brief, but the majority of the brief's "Argument" section addresses his claim that there was insufficient evidence to sustain the summary traffic convictions. (**See** appellant's brief at 5, 12-21.) Our review of the record, however, reveals that appellant has waived any challenge to the sufficiency of the evidence by failing to include it in his Rule 1925(b) statement. (**See** "Concise Statement of Matters Complained of on Appeal," 8/2/16.) This court has long recognized that "[w]hen an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis

- 4 -

which is pertinent to those issues." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1247 (Pa.Super. 2015) (internal citations and quotation marks omitted). "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (citation omitted).

Moreover, to the extent that appellant's claims are construed as challenges to the weight of the evidence, we find that they are devoid of merit. "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." ***Commonwealth v. Galvin***, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), ***cert. denied***, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Shaffer***, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

Our supreme court has long recognized that,

> [b]ecause the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the

evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Instantly, we discern no abuse of discretion on the part of the trial court in rejecting appellant's weight claim. As noted, the record in this matter reveals that multiple witnesses observed appellant's PAT bus traveling in a manner consistent with racing. The testimony at trial established that appellant's bus was observed traveling at a considerable rate of speed and veering into the lane of co-defendant's bus. The evidence at trial further established that the two buses made contact with one another, causing co-defendant's bus to leave the roadway and go over a hillside. (*See* notes of testimony, 4/11-21/16 at 44-45, 47-54, 63-70,

72-76, and 80-81.) "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Andrulewicz**, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), **appeal denied**, 926 A.2d 972 (Pa. 2007). Here, the Honorable Jeffrey A. Manning, sitting as fact-finder, concluded that the video and expert evidence presented at trial and the eyewitness testimony "weighed in favor of a guilty verdict on the three summary traffic offenses," and elected not to believe appellant's version of the events. (Trial court opinion, 10/4/16 at 5.) We are precluded from reweighing the evidence and substituting our judgment for that of the fact-finder. **Clay**, 64 A.3d at 1055. Accordingly, we affirm the trial court's April 21, 2016 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2017