J. A12044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY CUNNINGHAM, | : | No. 3892 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence July 13, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002904-2015

BEFORE: BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JULY 06, 2018**

Anthony Cunningham appeals from the July 13, 2016 aggregate judgment of sentence of 7½ to 15 years' imprisonment imposed after he was found guilty in a bench trial of aggravated assault, burglary, carrying a firearm without a license, carrying a firearm on a public street, possessing instruments of crime ("PIC"), and three counts each of robbery and kidnapping.[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On January 21, 2015, Mr. Juan Rivera was inside his apartment located on the second floor of a property situated on Roosevelt Boulevard in Philadelphia when a man he identified in court as [a]ppellant entered the residence through a window, put a gun to his head and asked, "Where's the money? Where's the dope[?]" Rivera asked [a]ppellant what he was

---

[1] 18 Pa.C.S.A. §§ 2702, 3502, 6106, 6108, 907, 3701, and 2901, respectively.

talking about at which time [a]ppellant asked Rivera where his son was. Appellant forced Rivera downstairs to the front door where three additional men were waiting.[Footnote 3] Appellant and the men then forced Rivera back upstairs where they made him kneel on the bathroom floor. Appellant put a gun against Rivera's head, and again asked him where the money and his son were. Rivera told them he did not have a son. After he did so, the men forced him into the residence's living room where they bound him to a chair with tape and commenced to ransack the apartment, which yielded them some money and a cell phone.

> [Footnote 3] The three men all were wearing masks but [a]ppellant had nothing covering his face.

The men continued their demands and Rivera kept telling them that he did not have a son. He added that there was a "skinny guy" who lived in the first floor apartment. The men then went downstairs to the apartment, broke in, and searched it. Appellant then took Rivera to the first floor apartment where he again was bound with tape and placed under the dining room table. For the next several hours the men demanded the name of the man who lived in the apartment.

After approximately two and one-half hours, a woman[, Elisha Reyes,] and her two children, who resided in the downstairs apartment arrived home. From under the table Rivera was able to hear the men drag the woman, who was pregnant, into the apartment along with her children. They had her call her husband[, Daniel Textidor,] who arrived at the apartment approximately thirty minutes after the call was made. According to Rivera, the men pointed a gun at the man and repeatedly demanded money. Rivera heard the man say that he had none but offered to call his family to ask them for money. The man was given a cell phone and Rivera heard him call his father and, in Spanish, tell him to call the police because he was being robbed. One of the men

apparently understood and struck him in the head with the gun.

Police arrived and the men fled the apartment. One of the intruders, identified as Tremaine Brooks, took the woman's cell phone and, as he fled, he fell outside and was apprehended by police. Incident to Brooks' arrest police seized from him the woman's cell phone and Brooks' personal cell phone. The police brought him back to the apartment at which time Rivera identified him as being one of the men involved in the incident.[Footnote 4]

> [Footnote 4] Rivera indicated that at some point this male had removed his mask.

Police thereafter transported Rivera to a police station where he was interviewed and provided a statement outlining what had occurred. During the interview, Rivera participated in a photographic identification session during which he selected a photograph of [a]ppellant identifying him as the man who entered the apartment through the window.[Footnote 5] Rivera stated that he was one-hundred percent sure of the reliability of both his photographic and in-court identifications.

> [Footnote 5] The parties stipulated that the detective who took the statement and conducted the photo identification session was not aware if a photograph of the alleged perpetrators was among those shown to Rivera.

The Commonwealth also introduced, by way of stipulation, that [a]ppellant was not licensed to possess a firearm. A search of Brooks' cell phone discovered that Brooks and someone identified as "Ant" made multiple phone calls back and forth to one another on the day of the incident. Post arrest, [a]ppellant told the police that his nickname was "Ant" when police obtained his biographical information. The parties also stipulated that DNA testing of the tape used to bind the victims was negative for

[a]ppellant and Brooks. A search of [a]ppellant's residence yielded no evidence, and [a]ppellant voluntarily turned himself in to authorities. Finally, the statements given by the [] man and woman[, Textidor and Reyes,] who lived in the downstairs apartment were introduced into evidence wherein they indicated that they could not identify any of the assailants.

Trial court opinion, 6/20/17 at 2-4 (citations to notes of testimony and some footnotes omitted).

On March 31, 2016, appellant waived his right to a jury and proceeded to a bench trial that same day. Following a one-day bench trial, the trial court held the verdict under advisement. On April 8, 2016, the trial court found appellant guilty of the aforementioned offenses. As noted, the trial court sentenced appellant to an aggregate term of 7½ to 15 years' imprisonment on July 13, 2016. At sentencing, appellant made an oral motion for extraordinary relief that was denied by the trial court. (**See** notes of testimony, 7/13/16 at 4-9, 22.) On July 22, 2016, appellant filed a timely post-sentence motion challenging, **inter alia**, the weight of the evidence. The trial court ultimately denied appellant's post-sentence motion on November 22, 2016. This timely appeal followed. On December 19, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a motion requesting an extension of time to file his Rule 1925(b) statement, which was granted by the trial court on January 5, 2017. On

February 3, 2017, appellant filed a timely Rule 1925(b) statement. The trial court filed its Rule 1925(a) opinion on June 20, 2017.

Appellant raises the following issues for our review:

1. Was the verdict against the weight of the evidence where the Commonwealth's sole identification witness's testimony was impossible and incredulous?

2. Was the evidence insufficient as a matter of law to support [appellant's] convictions where the Commonwealth's sole identification witness's testimony was unreliable as a matter of law?

Appellant's brief at 4.

Appellant first argues that the verdict was against the weight of the evidence because the testimony of the victim, Rivera, who identified appellant as the perpetrator, "was so impossible, incredulous, and contrary to all other evidence presented at trial, that it shocks one's sense of justice . . . ." (**Id.** at 10.) We disagree.

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." **Commonwealth v. Galvin**, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), **cert. denied**, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Shaffer***, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation

omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations and

emphasis omitted).

Upon review, we discern no abuse of discretion on the part of the trial

court in rejecting appellant's weight claim. The trial court, sitting as

fact-finder, found the testimony of Rivera "credible despite any alleged

inconsistencies in his testimony[,]" and elected not to believe appellant's version of the events. (Trial court opinion, 6/20/17 at 5, 11.) Specifically, the trial court reasoned as follows:

> In this [c]ourt's opinion, Rivera's testimony was clear. He was a victim of the criminal actions of [a]ppellant and his cohorts. Moreover, Rivera's testimony was bolstered by the fact that [a]ppellant and a co-defendant called each other numerous times on the day of the incident. Rivera positively identified [a]ppellant during a photographic identification session immediately following the incident and his multiple in-court identifications were clear and unequivocal. . . .
>
> In addition, the incident played out for a particularly lengthy period of time during which Rivera had ample opportunity to view [a]ppellant. This is not a case in which the witnesses only got a glimpse or partial view of the perpetrator. This fact added credence to Rivera's identification of [a]ppellant.

*Id.* at 5-6.

Contrary to appellant's argument, minor inconsistencies in Rivera's initial description of appellant's physical characteristics to police (*see* appellant's brief at 14) are not a basis for finding that the verdicts were contrary to the weight of the evidence. *See*, *e.g.*, *Commonwealth v. Jacoby*, 170 A.3d 1065, 1080 (Pa. 2017) (holding that minor inconsistencies in eyewitness testimony and surveillance-video evidence did not warrant a finding that the verdict was against the weight of the evidence; "the [fact-finder] is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit"). Likewise, appellant's contention that

the sole evidence against him in this matter was Rivera's allegedly unreliable identification testimony is equally unavailing. (**See** appellant's brief at 10.) The record reveals that the grand jury testimony of Textidor and Reyes that was admitted into evidence at trial corroborated Rivera's account of the incident in question. (Notes of testimony, 3/31/16 at 81.) Moreover, appellant's claim that the verdict was against the weight of the evidence because his DNA was not found on the duct tape used also fails. (**See** appellant's brief at 13.) It is exclusively for the trial court, as fact-finder, to assess the weight to be given to the absence of corroborating DNA evidence in this case. **See Commonwealth v. Andrulewicz**, 911 A.2d 162, 165 (Pa.Super. 2006) (stating, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence[]" (citation omitted)), **appeal denied**, 926 A.2d 972 (Pa. 2007). We are precluded from reweighing the evidence and substituting our judgment for that of the fact-finder. **Clay**, 64 A.3d at 1055. Accordingly, for all the foregoing reasons, appellant's weight claim must fail.

We now turn to appellant's contention that there was insufficient evidence to sustain his convictions for aggravated assault, burglary, carrying a firearm without a license, carrying a firearm on a public street, PIC, robbery, and kidnapping. (Appellant's brief at 17.) Appellant has waived this claim.

Rule 1925(b) provides, **inter alia**, that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this

paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii). In ***Commonwealth v. Garland***, 63 A.3d 339 (Pa.Super. 2013), a panel of this court held the appellant had waived his sufficiency of the evidence claim where his Rule 1925(b) statement simply averred the evidence was legally insufficient to support his convictions. ***Id.*** at 344. It is well settled that,

> [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Id.*** (citations and internal quotation marks omitted).

Instantly, we agree with the trial court that appellant has waived his sufficiency claim by failing to identify the specific elements of the crimes that the Commonwealth failed to prove at trial in his Rule 1925(b) statement. (***See*** trial court opinion, 6/20/17 at 4-5.) Appellant's Rule 1925(b) statement merely states, "the evidence adduced at trial was not sufficient to support a conviction for the crimes on which [appellant] was found guilty." (Rule 1925(b) statement, 2/3/17, at unnumbered page 1, ¶ 1.) Appellant's "Statement of Questions Involved" also fails to specify the elements of the crimes he is challenging on appeal. Rather, appellant simply reiterates his attack on Rivera's credibility and alleges that his identification of him as the perpetrator was inadequate:

> Was the evidence insufficient as a matter of law to support [appellant's] convictions where the Commonwealth's sole identification witness's testimony was unreliable as a matter of law?

Appellant's brief at 4 (numeration omitted). Appellant also failed to cite to or specifically identify any of the elements of the crimes for which he was found guilty in the "Argument" section of his brief. (**See id.** at 17-21.)

Appellant's claim as presented does not properly implicate the sufficiency of the evidence. An allegation that a witness's testimony is inconsistent or unreliable goes to the weight of the evidence, and appellant's dissatisfaction with the trial court's credibility determinations does not provide him with a basis for relief on sufficiency review. **See Commonwealth v. Kinney**, 157 A.3d 968, 972 (Pa.Super. 2017) (holding, **inter alia**, that "[a]ppellant's claims are directed entirely to the credibility of the victim's testimony regarding [a]ppellant's identity, and, as such, challenge the weight, **not the sufficiency**, of the evidence" (emphasis added)), **appeal denied**, 170 A.3d 971 (Pa. 2017); **see also Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa.Super. 2014), **appeal denied**, 99 A.3d 925 (Pa. 2014). Accordingly, appellant has waived any challenges to whether there was sufficient evidence to support his convictions on appeal.[2]

---

[2] In any event, even if appellant did not waive his sufficiency claim, it would still not merit relief. Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, our independent review of the record reveals that there was ample evidence presented at trial to sustain appellant's convictions for aggravated assault, burglary, carrying a firearm without a license, carrying a firearm on a public street, PIC, robbery, and kidnapping.

For all the foregoing reasons, we affirm appellant's July 13, 2016 judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 7/6/2018*