J-A06017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR MELTON | : | |
| | : | |
| Appellant | : | No. 849 EDA 2018 |

Appeal from the Judgment of Sentence February 20, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011945-2014

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED APRIL 27, 2020**

Appellant, Arthur Melton, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial conviction for tampering with records or identification.[1] We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case as follows:

> ### I.  FACTUAL HISTORY
>
> In 2005, Appellant became the principal of Bok Vocational and Technical High School ("Bok High School"), previously located on 1901 S. 9th Street, Philadelphia, Pennsylvania. That same year, less than five percent of students at Bok High School made grade-level proficiency on the Pennsylvania System of School Assessment ("PSSA") administered that year.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4104(a).

The Data Recognition Corporation ("DRC") created and scored the PSSAs. It also compiled reports for the Pennsylvania Department of Education on a variety of measures that included school performance and test erasure patterns. According to the DRC reports, Bok High School's PSSA scores increased from 2007 to 2010. Furthermore, in 2010 PSSA scores showed that 71.1 percent of the student body was proficient or advanced in mathematics and 53.1 percent was proficient or advanced in reading.

Bok High School's rapid rise in proficiency levels correlated to an abnormally high number of wrong-to-right erasure patterns on the PSSA student answer sheets. In 2012, following an investigation by the Pennsylvania Office of Inspector General, PSSA scores for Bok High School dropped sharply and the number of wrong-to-right erasures dropped to normal levels. Forensic data reports and expert testimony concluded that, from at least 2009 to 2011, PSSA scores from Bok High School were not authentic.

On March 6, 2012, Investigator Raymond Harper from the Pennsylvania Office of Inspector General interviewed Appellant in response to forensic data reports of fraudulent PSSA scores. Present with Investigator Harper were three members of his staff. During the interview, Appellant was tense and evasive when questioned about test security procedures and information showing the high number of erasures on the PSSA answer sheets.

Less than two months later, on April 26, 2012, Philip Roberts, Investigations Manager of the Office of Inspector General, interviewed Appellant at the agency's office in Philadelphia, Pennsylvania. Attorneys Justin Weber and Ian McCurdy also joined Investigator Roberts during the interview of Appellant who was accompanied by his union representative. In response to questions about the high number of erasures on the tests, Appellant again became nervous and agitated. During the interview, Appellant confessed that he personally erased test answers from 2008 to 2011. At trial, Appellant said that he falsely confessed to manipulating the answer sheets because he believed a confession would end the ongoing investigation at Bok High School.

In 2012[,] the Pennsylvania Department of Education brought disciplinary charges against Appellant. As a result of these charges, Appellant surrendered his teaching licenses for chemistry, biology, and other sciences, as well as his superintendent certification, principal and secondary [principal] certifications. Criminal charges subsequently followed.

## II.     PROCEDURAL HISTORY

Appellant was arrested on September 25, 2014 and charged with Tampering with Public Records or Information, Forgery, and Tampering with Records or Identification. On September 15, 2017, a jury returned a verdict of guilty on the charge of Tampering with Records or Identification, and not guilty on the charge of Tampering with Public Records or Information. A judgment of acquittal was entered on the charge of Forgery. On February 20, 2018, Appellant was sentenced to twelve (12) months' non-reporting probation. Appellant then filed a timey appeal [on March 22, 2018].

(Trial Court Opinion, filed July 10, 2019, at 3-5) (internal citations omitted).[2]

Appellant raises the following issues for our review:

DID THE COURT ERR BELOW WHEN IT PROVIDED AN INCORRECT JURY INSTRUCTION ON BURDEN OF PROOF REQUIRED WHEN CONSIDERING THE RULE OF *CORPUS DELICTI*?

---

[2] On March 23, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed two motions for extension of time, but there are no orders in the record or notations in the docket granting Appellant's request. Appellant filed a Rule 1925(b) statement on May 7, 2018. Even if Appellant's Rule 1925(b) statement was untimely, the trial court opinion addresses the issues raised, so we can overlook any untimeliness. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa.Super. 2008) (*en banc*) (explaining this Court may address merits of criminal appeal, where defendant files untimely Rule 1925(b) statement, if trial court had adequate opportunity and chose to prepare opinion addressing issue(s) raised on appeal).

DID THE COURT ERR WHEN IT DENIED IN PART [APPELLANT]'S MOTION FOR JUDGMENT OF ACQUITTAL ON ALL CHARGES AT THE CLOSE OF THE COMMONWEALTH'S CASE-IN-CHIEF?

DID THE COURT ERR BELOW WHEN IT DID NOT GRANT [APPELLANT] A NEW TRIAL BECAUSE THE EVIDENCE PRESENTED WAS INSUFFICIENT TO PROVE HIS GUILT OF ANY CRIME?

DID THE COURT ERR BELOW WHEN IT DID NOT GRANT [APPELLANT]'S ORAL REQUEST FOR A MISTRIAL MADE DURING THE TESTIMONY OF COMMONWEALTH'S WITNESS PHIL ROBERTS?

(Appellant's Brief at 6-7).

In his first issue, Appellant argues that under the rule of *corpus delicti*, the trial court must first determine that the prosecution has demonstrated by a preponderance of the evidence that a crime actually occurred before allowing a confession or admission of the accused into evidence. Appellant asserts this rule is designed to guard against using an inculpatory statement against a defendant when there is insufficient evidence for the jury to consider that a crime had been committed at all. Once the trial court permits an inculpatory statement to be used against the defendant, Appellant contends the second part of the *corpus delicti* rule requires the trial court to instruct the jury that the defendant's inculpatory statement may be used against him only if the jury first concludes **beyond a reasonable doubt** that a crime was committed. Appellant concedes the trial court properly allowed Appellant's admission into evidence but challenges the court's jury instruction regarding his statement. Specifically, Appellant complains the trial court failed to

instruct the jury that it could only use Appellant's statement against him if it first found **beyond a reasonable doubt** that a crime was committed. Appellant stresses that the court omitted the words "beyond a reasonable doubt" from its *corpus deliciti* instruction and instead informed the jury it could consider Appellant's admission against him once the jury found a crime "in fact" had been committed. Appellant emphasizes that the court's erroneous instruction could not have been harmless error because the Commonwealth presented no evidence linking Appellant to the crime, other than Appellant's statement. Appellant concludes the court's failure to issue the proper jury instruction warrants reversal of Appellant's conviction and/or a new trial. We disagree.

Preliminarily, "to preserve a claim that a jury instruction was erroneously given, the [a]ppellant must have objected to the charge at trial." **Commonwealth v. Parker**, 104 A.3d 17, 29 (Pa.Super. 2014), *appeal denied*, 632 Pa. 669, 117 A.3d 296 (2015). Our Supreme Court has explained:

> The pertinent rules [of criminal procedure] require a specific objection to the [jury] charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction. Although obligating counsel to take this additional step where a specific point for charge has been rejected may appear counterintuitive, as the requested instruction can be viewed as alerting the trial court to a defendant's substantive legal position, **it serves the salutary purpose of affording the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue**. This is particularly so where a judge believes that the charge adequately covered the proposed points.

*Commonwealth v. Pressley*, 584 Pa. 624, 630-31, 887 A.2d 220, 224 (2005) (internal citations and footnotes omitted) (emphasis added).  Further, "to preserve a challenge to…a supplemental charge, defense counsel must make a **specific** objection **before** the jury returns to its deliberations." *Commonwealth v. Betz*, 664 A.2d 600, 619 (Pa.Super. 1995), *appeal denied*, 544 Pa. 600, 674 A.2d 1065 (1996) (emphasis in original).  Failure to do so results in waiver of the claim on appeal.  *Id.*

Instantly, the court issued the following charge to the jury, in relevant part:

> In this case the Commonwealth has introduced evidence of a statement that it claims was made by the defendant. Before you may consider the statement as evidence against the defendant, you must find that a crime was in fact committed, that the defendant in fact made the statement, and that the statement was voluntary.  Otherwise you must disregard the statement.  …

(N.T. 9/14/17, at 48).  After the court finished its jury charge in its entirety, Appellant made a series of objections.  Appellant objected to the court's failure to define "beyond a reasonable doubt"; Appellant objected to the court's omission of "beyond a reasonable doubt" from the *corpus delicti* instruction; Appellant objected to a portion of the charge regarding character evidence; and Appellant objected to a portion of the charge regarding circumstantial evidence.   After hearing arguments from counsel, the court overruled Appellant's objection regarding the charge related to circumstantial evidence, but the court agreed to issue a supplemental jury charge regarding the

definition of "beyond a reasonable doubt," the *corpus delicti* instruction, and character evidence. Specifically, the court agreed to revise the *corpus delicti* instruction to state: "you must find that a crime was in fact committed beyond a reasonable doubt…" (***Id.*** at 72). Nevertheless, when the court brought the jury back in, the court issued only two supplemental instructions: a definition of "beyond a reasonable doubt" and a revised character evidence instruction. The court omitted any supplemental *corpus delicti* instruction. Appellant, however, said nothing in response to the court's supplemental instructions.

Under these circumstances, the record makes clear Appellant waived his first issue on appeal. Although Appellant submitted a proposed point for charge regarding the *corpus delicti* instruction and initially objected to the court's jury instructions, Appellant failed to object to the court's supplemental instructions. The record suggests the court's omission of Appellant's requested supplemental instruction was merely inadvertent, as the court had already agreed to give Appellant the instruction he sought. Appellant's failure to object to the court's supplemental instruction deprived the court of an opportunity to correct its error at the appropriate stage of the proceedings and to alleviate an appellate issue. **See Pressley, supra**; **Betz, supra**. Thus, Appellant's first issue is waived.

In his second and third issues, Appellant initially argues the court should have granted his motion for judgment of acquittal on the tampering charges when the court granted his motion for judgment of acquittal on the forgery

charge. Appellant asserts the court granted his motion for judgment of acquittal on the forgery charge because there was insufficient evidence that Appellant "altered the writing of another without his authority." Appellant suggests the court correctly decided the PSSA answer sheets did not constitute a "writing" sufficient for a forgery conviction. Appellant submits the PSSA answer sheets also could not constitute a "record" for purposes of the tampering charges. Appellant further emphasizes that the Commonwealth presented no evidence that Appellant actually altered any particular answer sheet. Appellant highlights that the Commonwealth did not produce any of the allegedly altered answer sheets at trial or any witnesses who observed Appellant change a student's answer sheet. Appellant contends it was mere speculation that Appellant was the person who altered the answer sheets. Thus, Appellant maintains the court should not have permitted the jury to deliberate on the tampering charges and should have granted his motion for judgment of acquittal in its entirety. Appellant further avers there was not one shred of evidence aside from his confession that tied him to the commission of any crime. Appellant maintains the evidence was insufficient to demonstrate a crime was committed at all. Appellant insists the testimony did not support a finding beyond a reasonable doubt that the students themselves did not alter the answer sheets. Appellant concludes the evidence was insufficient to sustain his conviction, and this Court must reverse. We disagree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hutchinson*, 947 A.2d 800, 805-06 (Pa.Super. 2008), *appeal denied*, 602 Pa. 663, 980 A.2d 606 (2009) (quoting *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006), *appeal denied*, 592 Pa. 778, 926 A.2d 972 (2007)) (emphasis omitted). "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Hutchinson, supra* at 805.

The Crimes Code defines the offense of tampering with records or

identification, in relevant part, as follows:

### § 4104. Tampering with records or identification

   **(a)   Writings.**—A person commits a misdemeanor of the first degree if, knowing that he has no privilege to do so, he falsifies, destroys, removes or conceals any writing or record, or distinguishing mark or brand or other identification with intent to deceive or injure anyone or to conceal any wrongdoing.

18 Pa.C.S.A. § 4104(a).

   Instantly, the trial court reasoned:

   The evidence was sufficient for the jury to find Appellant guilty of Tampering with Records or Identification.  Expert testimony and several witnesses indicated that from 2007 to 2011 a non-student had manipulated PSSA test answers at Bok High School without authorization.  Furthermore, because the Commonwealth can meet its burden on circumstantial evidence alone, it was not necessary to admit the compromised answer sheets.  The overwhelming amount of circumstantial evidence presented against Appellant was sufficient for the jury to make a conviction regardless of whether the answer sheets were admitted or not.  Lastly, Appellant's confession of having manipulated the answer sheets from 2007 to 2011 allowed the jury to identify the perpetrator of the crime.  Viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient for the jury to find Appellant guilty of the charge of Tampering with Records or Identification.

(Trial Court Opinion at 7) (internal citations omitted).  We agree with the trial court's analysis.  ***See Hutchinson, supra***.  Additionally, the PSSA answer sheets constitute a "writing or record" sufficient to sustain Appellant's conviction under Section 4104(a).  ***See*** 18 Pa.C.S.A. § 4104(a).  Further, Appellant's acquittal on the forgery charge does not entitle him to relief where the Commonwealth presented sufficient evidence to convict Appellant under

the tampering statute. *See Commonwealth v. Magliocco*, 584 Pa. 244, 266, 883 A.2d 479, 492 (2005) (explaining general rule that mere facial inconsistency in verdicts is not valid basis upon which to upset conviction which is otherwise proper, since consistency in verdicts is not required under Pennsylvania law). Thus, Appellant's second and third issues on appeal merit no relief.

In his fourth issue, Appellant argues that during the Commonwealth's case-in-chief, Philip Roberts, an investigator in the Office of the Inspector General, impermissibly testified that he had "success with getting admissions or confessions from some of the administrators that were involved with these testing abnormalities, or cheating, throughout the different parts of the state." Appellant asserts he immediately moved for a mistrial, arguing the extreme prejudice inuring to Appellant from this testimony. Appellant contends the trial court erred when it permitted the jury to consider evidence that improper conduct had occurred at other schools and that this investigator had been brought in to coax a confession out of Appellant. Appellant insists the fact that similar conduct had occurred at other schools and that other administrators in those schools confessed to wrongdoing is entirely irrelevant to what allegedly occurred at Bok High School and who might have perpetrated any misconduct. Appellant claims the Commonwealth should not have been permitted to prove its case using evidence pertaining to conduct that allegedly took place at other schools throughout Pennsylvania. Appellant

- 11 -

concludes the trial court abused its discretion and erred as a matter of law when it did not grant Appellant's request for a mistrial, and this Court must remand for a new trial. We disagree.

Our standard of review from the court's denial of a motion for a mistrial is as follows:

> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict.

*Commonwealth v. Rega*, 593 Pa. 659, 692, 933 A.2d 997, 1016 (2007), *cert. denied*, 552 U.S. 1316, 128 S.Ct. 1879, 170 L.Ed.2d 755 (2008).

Instantly, the trial court addressed Appellant's challenge as follows:

> Appellant raised a motion for a mistrial because of the following testimony by Mr. [Roberts]: "Prior I had success with getting admissions or confessions from some of the administrators that were involved with these testing abnormalities, or cheating, throughout different parts of the state." Mr. [Roberts] served as the Investigations Manager of the Pennsylvania Office of Inspector General for a series of cheating scandals that had occurred throughout the state. That Mr. [Roberts] had heard confessions from other administrators did not prejudice Appellant. In addition, the [t]rial [c]ourt restricted [examination] to Appellant's confession alone and Appellant himself had the opportunity to recant his confession. The [t]rial [c]ourt therefore did not abuse its discretion in denying the motion for a mistrial.

(Trial Court Opinion at 15) (internal citations omitted).[3]  We see no abuse of discretion concerning the court's denial of Appellant's motion for mistrial.  ***See Rega, supra***.

Additionally, in his opening statement to the jury, defense counsel discussed how approximately 56 schools in the Commonwealth were under investigation for unusual erasure patterns and that hundreds of teachers and administrators in schools across the state had been interviewed.  Evidence regarding the unusual erasure patterns across other schools also came out during various witnesses' testimony, without objection from Appellant.  At the time Appellant moved for a mistrial, the court denied the motion because there had been "ample testimony, evidence and questioning" regarding the investigations at other schools.  (N.T. 9/12/17, at 6-9).  Further, during closing arguments, defense counsel highlighted Mr. Roberts' allegedly improper testimony by stating Mr. Roberts interviewed Appellant because "he's good at getting confessions," in an effort to make Appellant's admission appear involuntary.  Defense counsel again discussed the 56 schools under investigation in the Commonwealth during closing arguments.  Under these circumstances, Mr. Roberts' single mention of confessions by other administrators did not warrant a mistrial.  ***See Rega, supra***.  Therefore,

---

[3] In its opinion, the trial court mistakenly refers to Mr. Roberts as Mr. Raymond Harper.  Mr. Harper testified the day before Mr. Roberts and also interviewed Appellant.  Thus, we have substituted Mr. Roberts' name for Mr. Harper's name in our recitation of the trial court's discussion of this issue.

Appellant's fourth issue merits no relief.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/27/20</u>