J-S41039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD ELLIS STEELE | : | |
| | : | |
| Appellant | : | No. 914 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 13, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001215-2021

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 13, 2023**

Chad Ellis Steele appeals from the April 13, 2022 judgment of sentence of 2½ to 5 years' imprisonment imposed after a jury found him guilty of strangulation.[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On January 23, 2021, Natalie Marie Diaz (hereinafter, "Ms. Diaz"), the victim's stepmother, received a message from the victim over Facebook Messenger. The victim, Yashira Pacheco (hereinafter, "Ms. Pacheco"), messaged Ms. Diaz that she would send her a thumbs-up emoji through Messenger if she needed help because she was having an argument with the Appellant.  Ms. Pacheco then called Ms. Diaz screaming.  Ms. Diaz could hear Ms. Pacheco and the Appellant arguing over the phone.  Ms. Diaz walked to the Appellant's home.  She went to the side of the

---

Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2718(a)(1).

home where she knew the Appellant's bedroom was located. She could hear Ms. Pacheco and the Appellant screaming and yelling. She yelled to Ms. Pacheco that she was there. Ms. Diaz could hear Ms. Pacheco yelling at the Appellant to let her out of the home. Ms. Diaz described that she could hear Ms. Pacheco screaming then suddenly not screaming, as if someone covered her mouth. She could hear guttural utterances. Ms. Diaz told them that she was going to call the police. The Appellant told her that Ms. Pacheco was fine. No one would come to the door, so Ms. Diaz called the police.

While on the phone with the police, Ms. Diaz saw Ms. Pacheco run out of the home trying to catch her breath. Ms. Diaz observed Ms. Pacheco hunched over while gasping for air. Ms. Diaz took Ms. Pacheco to her home for a few weeks after this incident. Ms. Diaz described that Ms. Pacheco's voice was very raspy and it was difficult to understand what she was saying. She had to wear turtlenecks to hide the bruises on her neck from her 7-year-old daughter. After this incident, Ms. Diaz heard the Appellant telling Ms. Pacheco over the phone that she did not have to show up to court in this matter.

On January 23, 2021, Officer Anthony Cummings (hereinafter, "Officer Cummings") responded to this incident as a patrol forensics officer. Officer Cummings received a briefing on the incident from the responding officers. Officer Cummings photographed the injuries to Ms. Pacheco. Officer Cummings testified that Ms. Pacheco was very upset and distraught. Officers were attempting to calm her down. Once she was calm, Officer Cummings was able to take her aside to photograph her injuries. Officer Cummings photographed discoloration on Ms. Pacheco's neck near her trachea area. On the left side of her neck, Officer Cummings photographed discoloration near her hairline towards her jaw. Officer Cummings also photographed injuries on the Appellant that include minor scratches to his cheeks and a scratch on the bridge of his nose. Officer

- 2 -

Cummings also photographed a bruise on the Appellant's sternum area.

Ms. Pacheco testified that she was with the Appellant in his bedroom when they got into an argument with each other. Ms. Pacheco called her parents to come get her. During the argument, the Appellant became angry with her and gripped her neck. Ms. Pacheco put his hands around her throat. The Appellant placed his hand around her throat a second time and held her down on the bed. Ms. Pacheco kicked him off her. Ms. Pacheco testified that the Appellant squeezed his hand around her neck so that her breathing was affected for a few seconds. The marks on her neck remained for a few days. The Appellant sent Ms. Pacheco several text messages following the incident. The first message stated, "Do not sit with the district attorney, bitch, only with my attorney, the public defender." Another message from May 13, 2021, stated, "I don't control karma. It is a law of reality. Karma is balance. I'm sorry, but you just have to be patient and earn my trust back. That's all I wanted. But, like I said, you lack discipline, and patience is part of discipline. They are really going to try to fuck me over with this situation. I just need you to retract your statement. I will pay your fine. Just, please, listen.

Patricia Carey (hereinafter, "Ms. Carey"), the Appellant's grandmother, testified that this incident took place in her home. On the night of the incident, she heard the Appellant yelling, "Stop it." She went to his bedroom and observed the Appellant holding Ms. Pacheco down on the bed by her wrists while yelling at her. She testified that she did not see his hands around her neck. She testified that she heard Ms. Pacheco yell, "Mommy."

Trial court opinion, 5/11/23 at 2-4 (citations to notes of testimony omitted).

On January 18, 2022, Appellant proceeded to a jury trial in connection with this incident and was subsequently found guilty of one count of strangulation. As noted, the trial court sentenced Appellant to 2½ to 5 years'

imprisonment on April 13, 2022. On April 22, 2022, Appellant filed a timely post-sentence motion that was ultimately denied by the trial court on June 15, 2022. This timely appeal followed on June 22, 2022.[2]

On July 5, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal in accordance with Rule 1925(b), within 21 days. Appellant, who is represented by counsel,[3] attached a concise statement to his appellate brief which was timed-stamped as filed with the Superior Court Middle District on July 19, 2022. **See** Appellant's brief at Exhibit A. However, our review of the certified docket in this matter reveals that Appellant's counsel failed to properly file a concise statement with the Dauphin Country Clerk of Courts.

On August 17, 2022, the trial court issued a "Statement in Lieu of Opinion" requesting that this matter be remanded in accordance with Rule 1925(c)(3), and indicating it would not be filing a responsive opinion until directed to do so by this Court. Trial court opinion, 8/17/22 at 1. On January 12, 2023, this Court remanded this case back for the filing of a Rule 1925(b)

_____

[2] Although Appellant purports to appeal "from the Judgment of Sentence imposed on June 15, 2022," and counsel attached the June 15, 2022 order denying Appellant's post-sentence motion to the docketing statement, the record clearly indicates that the sentence was imposed on April 13, 2022. We remind counsel that "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (**en banc**), **appeal denied**, 800 A.2d 932 (Pa. 2002).

[3] Sarah Lockwood, Esq.

statement and a responsive Rule 1925(a) opinion. That same day, Appellant's

counsel filed a timely Rule 1925(b) concise statement on his behalf. On May

11, 2023, the trial court filed its responsive Rule 1925(a) opinion.

Appellant now raises the following issues for our review:

> 1. [Whether t]he evidence presented by the Commonwealth was insufficient to sustain the weight of a verdict of guilty on the strangulation charge[?]
>
> . . . .
>
> 2. [Whether t]he Commonwealth violated ***Brady v. Maryland***, 373 U.S. 83 (1963) and ***Giglio v. United States***, 405 U.S. 150 (1972) by withholding that the alleged victim had a material witness bail placed on her four days prior to the trial[?]

Appellant's Rule 1925(b) statement, 1/12/23 at 1 (conclusionary sentences

omitted).

Appellant first argues that the jury's verdict was not supported by the

weight of the evidence. Specifically, Appellant contends:

> a. The testimony of Commonwealth witness Yashira Pacheco, who appeared reluctant to testify, did not outweigh the testimony of [Appellant's] grandmother who stated that she heard yelling and when she entered the bedroom, she did not see [Appellant] with his hands around Ms. Pacheco's neck.
>
> b. Ms. Pacheco's testimony in general was uncredible, as she was reluctant.

> c. Moreover, Ms. Pacheco provided conflicting information at trial from her previous statement to police.

Appellant's Rule 1925(b) statement, 1/12/23 at 1; *see also* Appellant's brief at 12.

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or

was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we find that the trial court properly exercised its discretion in concluding that the jury's verdict was not against the weight of the evidence. ***See*** trial court opinion, 5/11/23 at 5-6. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Andrulewicz***, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), ***appeal denied***, 926 A.2d 972 (Pa. 2007).

Here, the jury heard testimony from multiple Commonwealth witnesses regarding Appellant's strangulation of the victim, including the responding

forensics officer, Officer Anthony Cummings, and Pacheco herself. Specifically, Pacheco testified that on the day in question, Appellant held her down on the bed, placed a hand on her neck, and squeezed so hard that her breathing was affected. Notes of testimony, 1/18/22 at 51-57. Officer Cummings, in turn, testified that he photographed the discoloration on Pacheco's neck after the incident. *Id.* at 38-39. The jury clearly found the testimony of the Commonwealth's witnesses credible and elected not to believe the subsequent version of the events presented by Appellant's grandmother, Patricia Carey. *See id.* at 84-89. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Clay*, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

Appellant next argues that the trial court erred in failing to conclude that the Commonwealth violated *Brady* and *Giglio* by withholding that Pacheco had a material witness warrant placed on her four days prior to trial. Appellant's Rule 1925(b) statement, 1/12/23 at 1; *see also* Appellant's brief at 9-11. For the foregoing reasons, we disagree.

Our Supreme Court has recognized that "[t]he crux of the *Brady* rule is that due process is offended when the prosecution withholds material evidence favorable to the accused." *Commonwealth v. Reid*, 259 A.3d 395, 420 (Pa. 2021) (citation omitted). A violation of *Brady* or *Giglio* requires that the Commonwealth "intentionally withheld exculpatory evidence which was

material to the issues to be tried or evidence which materially undermines the credibility of a key prosecution witness." ***Commonwealth v. Mulholland***, 702 A.2d 1027, 1033 (Pa. 1997). Thus, to establish a violation under ***Brady*** and its progeny, a defendant must prove that:

> (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued.

***Commonwealth v. Bagnall***, 235 A.3d 1075, 086 (Pa. 2020) (citation omitted).

Upon review, we discern no error on the part of the trial court in concluding that Appellant has failed to establish a violation under ***Brady*** or ***Giglio***. Instantly, the record reflects that prior to the commencement of Appellant's jury trial, the Commonwealth had a material witness warrant placed on Pacheco based upon her reluctance to testify against Appellant. The existence of this material witness warrant was not in any way suppressed by the Commonwealth and was freely available to the parties on the Unified Judicial System of Pennsylvania web portal. Nor did the existence of a material witness warrant affect the credibility of Pacheco's first-hand account of Appellant's violent strangulation of her on the day in question. Accordingly, Appellant has failed to establish a violation of ***Brady*** or ***Giglio*** and his claim of error is without merit.

For all the foregoing reasons, we affirm the Appellant's April 13, 2022 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2023